————o————

JAMES BIDDLE, Plaintiff in Error, *vs.* JOHN RAMSEY, Defendant in Error.

| 52 | 153 |
|----|-----|
| 37a | 242 |
| 52 | 153 |
| 61a | 42 |
| 52 | 158 |
| 82a | 377 |
| 52 | 153 |
| 84a | 679 |

1. *Practice, civil, pleading—-Equity—-Fraud—-Account—-Multiplicity of suits, &c.—-Jurisdiction.*—Where A. filed a bill in equity, alleging that he had demised premises to B. with the agreement that near the end of the lease, A. and B. were each to appoint an assessor, and they a third, who should unanimously assess the value of the improvements and the yearly rental, and that A. should then have the privilege of buying the improvements or should grant a renewal of the lease at the rental so fixed, and with the old covenants, and.that B. had always appointed partial assessors so that no unanimous decision could be obtained, and had occupied the premises for a number of years since the expiration of the original lease without paying any rent ; *Held*, that the bill was proper, and equity would entertain the suit on account of fraud, account, and the prevention of a multiplicity of suits.

*Error to St. Louis Circuit Court.*

*Thos. T. Gantt,* for Plaintiff in Error.

A party cannot by his misconduct prevent an award, and take advantage of it, in equity. (Morse vs. Merest,6 Madd. Ch., 25.) An agreement of parties not to sue each other, in the adjustment of any difficulties in the courts of the country, but to submit them all to arbitration, will hardly be pleaded successfully in bar of such an action. (2 Chitty's Gen. Pr.; 80, and

cases cited in notes.) Nor will a court of equity decree a specific performance of such an agreement. (1 Chitty's Gen. Pr., 851.) The defendant is protected from unlawful detainer. (1 W. S. 732, § 27.)

We have no adequate remedy at law. Under the covenant, we are entitled to an action; no such thing can be had at law.

We can, at most, only have at law damages for the breach of the agreement to arbitrate. But whether such damages are recoverable has been doubted, (12 Chitty Gen. Pr., 80, and, cases cited in notes) certainly discourages such an action.

Even if full damages were recoverable here, yet we are entitled to specific performance of our contract. We ask the performance of defendant's covenant, which the court will itself judicially ascertain, doing what the arbitrators failed to do owing to defendant's misconduct. (18 Ves., 429; Morse vs. Merest, 6 Madd. Chan., 25.) If we are entitled to any remedy, we are entitled under our covenant, and of this we ask the benefit, as nearly as may be, *cy pres*. We cannot have a specific performance of the contract, to refer a certain controversy to arbitration. The matters which were thus provided for *must*, by reason of the fraud of defendant, be determined judicially.

*Samuel N. Holliday*, for Defendant in Error.

There is no case at law or in equity, where if an award is not made at the time in the manner stipulated, the court have substituted themselves for the arbitrators and made the award. (Blundell vs. Brettargh, 17 Ves., 231; Wilks vs. Davis, 3 Meriv, 506; Morgan vs. Milman, 17 Eng. L. & Eq., 203; Wallingford vs. Wallingford, 6 Har. & J., 490; Baker vs. Glass, 6 Munf., 212; Bromley vs. Jefferies, 2 Vern., 415; Cooth vs. Jackson, 6 Ves. J., 34; Gourlay vs. Duke of Somerset, 19 Ves., 429; Agar vs. Marklew, 2 Sim. & S., 418; Darbey vs. Whittaker, 4 Drew., 134.)

An agreement to submit a question to arbitration, will not be enforced in equity, but must depend on the good faith and honor of the parties, or to such remedy in damages for a breach

thereof as the law has provided. (Tobey vs. The County of Bristol, 3 Story, 800.)

There is no allegation in the petition that the plaintiff ever demanded possession of the premises from the defendant, or that the defendant ever refused to surrender them. There is no allegation that the defendant ever refused to pay the rent.

The defendant is only bound by that contract ; the court will not make another contract for him. If the plaintiff is damaged by the fraudulent conduct of the defendant, or by his violation of any of the provisions of the lease, he is responsible in damages.

The plaintiff has an adequate remedy at law, (Abeel vs. Radcliffe, 13 Johns, 296 ; same parties, 15 Johns, 505.)

The plaintiff can turn the defendant out by unlawful detainer. The defendant cannot set up the covenant for renewal in defense, that is only to be enforced in a court of equity. (Finney vs. Cist, 34 Mo., 303.) And if the defendant attempted by bill in equity to restrain the plaintiff from getting possession under his writ of unlawful detainer, because of the covenant for renewal, it would be a complete defense to the suit in equity for the plaintiff to allege and prove that the defendant fraudulently prevented the assessors from agreeing as to the yearly value.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in Chancery. The petition in substance sets forth that John Biddle, on the first day of January, 1853, was the owner of certain premises in the City of St. Louis, and that on that day, said Biddle demised said lot of ground to defendant for the term of ten years from and after said date, at a certain yearly rent as ascertained and set forth in a certain deed of lease of that date, executed by said Biddle and said defendant Ramsey ; that by the terms of said lease, said defendant was during the first five years of said term, to pay to said Biddle $200 semi-annually, and for the remaining period of five years was to pay in like manner $250 per year and also all taxes ; that said lease also provided

that within the last quarter year of the said term of ten years, Biddle and Ramsey, or their respective legal representatives, should each appoint a disinterested assessor who should assess at a fair value all brick and stone buildings then standing on said premises and also the fair yearly rent on value of said premises considered as a vacant lot of ground, for another term of ten years, commencing at the expiration of the first term. The said assessors then to be chosen were to call in a third assessor, of like qualifications with themselves to aid them in making such valuation, and when such assessors should *unanimously agree* in such estimate, said Biddle or his assignee, etc., should have the option of purchasing the brick and stone buildings and improvements erected and being on the demised premises, at the end of said first term of ten years, or giving to defendant or his assigns a further lease of ten years of said premises at the yearly rent *unanimously* fixed by said assessors, and containing the same covenants as to mode and time of paying rent and taxes as above mentioned; and if these assessors failed to make a *unanimous* award, that then, each party to the lease was again to nominate and choose an assessor on their respective parts and so on; that before the end of the first period of ten years, John Biddle died, and the title of the demised premises subject to said lease was vested in plaintiff who within the time limited appointed an assessor, and the *defendant* did the like; that said assessors failed to unanimously agree respecting the yearly rent of said premises, or the value of said improvements, etc.; that several assessors were in this way appointed by the parties respectively as aforesaid; that the assessors thus from time to time chosen, and the third person by them selected, failed to agree unanimously, and that this selection of assessors continued from the latter part of 1862 until 1868; that in each and every case as aforesaid, the plaintiff selected on his part an impartial and unbiased person as assessor and requested him to act according to his unbiased judgment; but defendant in each case selected as assessor on his part a partial and prejudiced person, and gave him a statement and instruc-

tions; instructing and directing him not to agree to any award fixing the rental of said premises at its actual value, but at some figure greatly below that, and at the same time to exagerate the value of the buildings and improvements, and by this means defendant had always succeeded in preventing a unanimous award; that the making of such an award as long as defendant had the selection of one of the assessors was impossible, unless all of those so chosen should become unanimous by combining to disregard the true and actual value of said improvements, etc.; that on the first day of January, 1863, the demised premises were worth, irrespective of improvements, an annual rental of $300,—that no rent had been paid since that date, and the value of the rental is now greater; that the improvements of brick and stone were worth $1600 on the last mentioned date, and no more; that there was no possibility of reaching any fair and equitable valuation of said rental and buildings in the mode contemplated by the lease, owing to the continued fraud and bad faith of the defendant.

And the petition concluded with a prayer to the effect that the defendant answer the premises, that the court should judicially ascertain the value of said rental and also of said buildings, according to the true intent and meaning of said lease; that plaintiff should have his option as reserved to him by said lease, that an account be taken between plaintiff and defendant and for other and further relief.

The defendant demurred to this petition assigning as grounds therefor:

That the petition did not state facts sufficient to constitute a cause of action, because by the lease the parties had stipulated that the value of the buildings and improvements and the yearly rent of the leased premises should be fixed by assessors to be named by the parties.

Because there was no averment in the petition that defendant had refused to perform this agreement in the appointment of an assessor or that the valuation of the buildings, etc., had become impossible in the mode prescribed by the lease, by the parties themselves.

Because if defendant had committed a breach of his agreement in respect to said assessment or valuation, he would only be liable in damages.

Because from aught that appeared in said petition, the valuation of the property could be ascertained as provided for in the lease.

That nothing was alleged in the petition that showed that plaintiffs were entitled to have the value of said rental and buildings ascertained by the court, or why he should have the option reserved by the terms of the lease, or why he should have any relief as prayed for in the petition.

The petition was adjudged insufficient on this demurrer, and plaintiff declining to amend, judgment was rendered on the demurrer, and this cause comes here on writ of error.

The only question necessary for solution in this cause is, not as has been with so much adroitness urged by respondent's counsel, whether an agreement to arbitrate can be the subject of a decree for specific performance, nor whether, as has been further and with equal ingenuity urged, the court can substitute itself in place of the arbitrators, because the authorities to the contrary on both these points are unbroken in their uniformity, but whether the plaintiff on the facts stated is in this action absolutely remediless?

For, if the allegations of the petition entitle the plaintiff to *any* measure of redress, a deaf ear will not be turned to his complaint simply because he thinks that justice should be dispensed to him in a particular way other than, and different from that to which he is actualy entitled.

The defendant by his demurrer confesses the petition to be true; that by practices and contrivances the most inequitable and fraudulent, he has succeeded in retaining possession of the demised premises long after the termination of his term and by like means in preventing any estimate from being made of the yearly value of the rents of those premises, or any valuation of the buildings and improvements thereon, in the manner he had solemnly agreed should be done.

The arm of a court of equity would surely be shortened

were it powerless to afford relief in a case of this character, for *fraud* is that which is said to constitute "the most ancient foundation" of the power of that court.

Courts of equity also exercise a peculiar jurisdiction in matters of account.

These courts too have a concurrent jurisdiction which "extends to all cases of legal rights, where, under the circumstances, there is not a plain, adequate and complete remedy at law."

Moreover, the prevention of a multiplicity of suits is a distinct ground of original jurisdiction in courts of equity.

Now, this is a case which, in a peculiar and eminent degree, combines all these essentials of equitable jurisdiction; here an account is necessary to be taken for rents which have accrued during a long period of years; an estimate required of improvements made; a multiplicity of suits to be avoided; no plain, adequate and complete remedy at law; and finally, the sinister designs of fraud to defeat.

It must be apparent that although resort could be had in this case to an action at law; that it would fall far short of meeting the exigencies which have arisen in respect to the subject matter of this suit; such a remedy would be neither "plain," "adequate" nor "complete."

Damages would not be recoverable because there has been no breach of any contract capable of enforcement either at law or in equity.

Owing to the confessed machinations of defendant, an action for unlawful detainer could not be maintained, as he has "continued three whole years in the peaceable possession after the time for which the premises were demised to him have expired." (1 W. S., 464, § 27.)

Ejectment would lie for recovering possession of the premises; but that action, however, would at its conclusion, still leave the matter of payment for buildings erected and improvements made wholly unadjusted, and new proceedings would have to be thereupon instituted for the accomplishment of the ends desired.

But in the method of procedure to which the plaintiff in the present instance has very properly resorted, one that on the facts as stated will call into activity the peculiarly flexible power of a court of equity, all matters of difference whether relating to the valuation of buildings and improvements, the taking of an account for yearly rents, or the recovery of the possession of the premises in question can be most fully and fairly adjusted, and by *one* trial and *one* decree ample and complete justice effectuated between these parties litigant.

Great care has been devoted to the examination of the authorities cited on behalf of respondent, but none of them are regarded as militating in the least against the views herein expressed.

For these reasons the petition should have been held sufficient, and the judgments both of the special and of the general term are therefore reversed and the cause remanded.

Judge Ewing having been of counsel not sitting. The other Judges concur.

————o————

