————o————

AGNES HUG, Adm'x of CHARLES HUG, Respondent, *vs.* STEPHEN VAN BURKLEO, Appellant.

1. *Equity—Contracts—Specific Performance—Appraisement—Pleading—Account.*—A covenant in a lease that at the end of the term the value of the improvements shall be ascertained by three appraisers to be chosen as provided in the lease, cannot be specifically enforced by a court of equity. But a petition which alleges such covenant and seeks equitable relief, states a cause of action, as equity would have jurisdiction to have an account taken of the improvements.

*Appeal from St. Charles Circuit Court.*

*Lackland and Broadhead*, for Appellant.

I. The agreement to arbitrate is not such an agreement as a court of equity will ever enforce—being merely voluntary. It is an agreement revocable in its nature at any time by either party. (See 16 Johns., 205, also 1 Cow., 335; King vs. Howard, 27 Mo., 21, in which the court refers to 2 Story Eq. § 1457; 3 Story, 800; Agar vs. Macklew, 2 Sim. & Stewart, 418; 16 Abb., 205; 26 How., 599.)

*Theo. Bruere,* for Respondent.

I. This is not a suit specifically to enforce an arbitration. (Biddle vs. Ramsey, 52 Mo., 158 ; Garred vs. Macey, 10 Mo., 161 ; Curry vs. Lackey, 35 Mo., 389 ; Zallee vs. The Laclede M. & Fire Ins. Co., 44 Mo., 531.)

II. The court may grant any relief consistent with the case made by the evidence, and embraced within the issues. (Northcraft vs. Martin, 28 Mo., 469 ; Easley vs. Prewitt, 37 Mo., 361 ; Biddle vs. Ramsey, 52 Mo., 158 ; Henderson vs. Dickey, 50 Mo., 161.)

SHERWOOD, Judge, delivered the opinion of the court.

Where parties to a lease, by the terms of the instrument, agree that upon the surrender of the leasehold premises the value of improvements made thereon shall be ascertained by three householders, the lessor and the lessee each to select one, and those so selected to choose a third ; in the event of the refusal of either to comply with such stipulation, it is out of the power of a court of equity, by the appointment of appraisers or otherwise, to specifically enforce the contract thus made. A petition, however, which seeks to obtain equitable relief based on the above stated ground, will, although it asks for specific performance of such a contract, still state a cause of action, as equity would have jurisdiction in such cases to have an account taken as to the value of improvements made. Both these points were so ruled in the case of Biddle vs. Ramsey (52 Mo., 153).

The judgment of the court below, because it attempts to specifically enforce the contract made in the present instance between the lessor and the lessee, by the appointment of three householders to appraise or ascertain the value of the improvements made on the property leased, must be reversed and the cause remanded ; the other judges concur.