DIFFENDERFER *et al.* v. BOARD OF PRESIDENT AND DIRECTORS OF ST. LOUIS PUBLIC SCHOOLS, *Appellant.*

Division Two, February 27, 1894.

1. Lease: RENEWAL CLAUSE, CONSTRUCTION OF.  A covenant in a lease that "at the end of the term hereby demised this lease shall be renewable" at the option of the lessee, his representatives or assigns, "and every new lease shall contain all the covenants," etc., contained in the first, provides for one renewal only.

2. ———: ———.    A covenant which does not plainly express or imply a perpetual right of renewal will not be construed to confer such right.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Charles B. Stark* for appellant.

(1) It is a matter resting in the sound discretion of the court to grant or refuse a decree for a specific performance of a contract, and it will always be denied where it would be harsh, oppressive or inequitable under all the circumstances to grant it. *Taylor v. Williams*, 45 Mo. 80; *Southworth v. Hopkins*, 11 Mo. 331; *Verth v. Gierth*, 92 Mo. 97; *Willard v. Tayloe*, 75 U. S. 557; *McElroy v. Maxwell*, 101 Mo. 294. (2) The renewal demanded is in the form of an option, and hence lacks mutuality. The court will refuse the relief prayed for that reason alone. *Glass v. Rowe*, 103 Mo. 513. (3) The property in controversy is a highly favored trust fund of which the appellant is the trustee. Charter of the Board, Act of February 13, 1833; Constitution 1820, art. 6, sec. 1; *Veal v. County Court*, 15 Mo. 412; *County v. Auchley*, 103 Mo. 492; *Board v. Boyd*, 58 Mo. 276. (4) This is a parcel of the property which the people have favored so highly, even in their constitutions, as to declare it shall be forever "preserved from waste" and "sacredly preserved as a public school fund." Constitution of 1820, art. 6, sec. 1; constitution of 1875, art. 11, sec. 6. (5) It would be a violation of this constitutional inhibition against waste for the court to compel this trustee to practically give way the inheritance of the trust estate for a yearly rental equal to six per cent. interest on a valuation

fixed for taxation which is notoriously much below its real value. *Veal v. County Court*, 15 Mo. 412; *Atty. Gen. v. Owen*, 10 Ves. Jr. 555; *Atty. Gen. v. Hatham*, 1 Turner & Russell, 209; *Atty. Gen. v. Foord*, 6 Beavan, 288; *Atty. Gen. v. Brooke*, 18 Ves. Jr. 319; 1 Wood's L. & T. [2 Ed.], sec. 174. (6) The appellant is a public corporation of whose charter and nature the courts take judicial notice. Charter of Board, act of February 13, 1833, sec. 13. (7) This being an application against a trustee to compel the renewal of a term of such long duration, the burden is on the respondents to show it to be reasonable, and that fact not appearing affirmatively, the relief sought must be denied. *Atty. Gen. v. Hatham*, 1 Turner & Russell, 209; *Atty. Gen. v. Foord*, 6 Beavan, 288; Taylor's L. & T. [8 Ed.], sec. 132; Wood's L. & T. [2 Ed.], sec. 174. (8) The covenant relied on in this case is not supported by any independent and substantial consideration and will therefore not be enforced. 1 Taylor's L. & T. [8 Ed.], sec. 338; 2 Wood's L. & T. [2 Ed.], sec. 413. (9) In any event, one renewal is all the respondents are entitled to under the covenant in controversy. 2 Wood's L. & T. [2 Ed.], 236, sec. 413; Taylor's L. & T., sec. 333.

*E. T. Farish* for respondents.

(1) This is a proceeding in equity for a specific performance. The assignees of the lessee having performed the condition which entitled them to a renewal of the lease, and the landlord refusing to renew, the said assignees had a right to elect whether they should proceed at law for damages, or in equity for a specific performance. *Arnot v. Alexander*, 44 Mo. 25. And in such case a court of equity may compel the lessee to give a lease as agreed. *Strohmaier v. Zeppenfeld*, 3 Mo.

App. 429; *Hug v. Van Burkleo*, 58 Mo. 202. (2) That the appellant is a trustee of a highly favored trust is no reason why it should enjoy an immunity from carrying out and living up to its covenants. "The right of renewal constitutes a part of the tenant's interest in the land, and the grant of the additional term is for many purposes considered as a continuation of the former lease." *Winslow v. Tighe*, 2 Ball & Beat., 195-205; *Rawe v. Chichester*, 2 Amb. 715-719; *Randall v. Russell*, 3 Meriv. 197. "No particular form of words is necessary to constitute a covenant for renewal. The question is what the good sense of the contract seems to be." *Crawford v. Kastner*, 26 Hun, 440.

BURGESS, J.—This is a suit in equity by plaintiffs for a specific performance of a covenant for the renewal of a lease demising public school realty, lying in the city of St. Louis, for a term of fifty years from the first day of September, 1840. The covenant contained in the old lease is as follows:

"And it is covenanted and agreed, by and between the said parties, that at the end of the term hereby demised, this lease shall be renewable at the option of the party of the second part, his executors, administrators or assigns, he or they giving to the party of the first part, in every instance, a notice in writing of his or their wish to renew the same, three months, at least, before the end of the term. And every renewed lease shall contain all the covenants, agreements, clauses and stipulations herein contained, with this exception only, that the annual rents to be reserved on every renewal shall be six per centum upon the value of the demised premises, exclusive of any improvements thereon placed, which value shall be estimated by the public assessor of the city of St. Louis, for the time being, at the commencement of the renewed term, and to be paid quarterly."

The case was submitted to the court on an agreed state of facts, which is as follows:

"For the purpose of a trial of the above entitled cause, and for no other purpose whatever, it is hereby stipulated and agreed as follows:

"That the defendant made a lease to William Lindsay, dated the thirty-first day of August, 1840 (a certified copy of which is referred to and made part of this agreement as exhibit A).

"That under and in pursuance of said lease, said William Lindsay entered into the possession of the property described in said lease.

"That said Lindsay departed this life prior to 1869, leaving as his sole heirs, Mary Bogue, Annie Lindsay, Margaret Lindsay and Eliza Sweeny, and that the plaintiffs in this case by divers mesne conveyances acquired all the estate of said Lindsay and his heirs in and to said property, and that as such owners they entered into and held possession of said property and the improvements thereon.

"That more than three months prior to the first day of September, 1890, the plaintiffs, being desirous of a renewal of said lease for a further term of fifty years, expressed their intention so to do by giving the defendant a notice in writing to renew said lease, as by said lease required.

"And the public assessor of the city of St. Louis, under and in pursuance of the terms and stipulations of said lease, estimated the value of said demised premises, exclusive of any improvements, on the first day of September, 1890, to be $3,250, or $130 per front foot on Broadway, making the rental, at six per cent. on said value, the sum of $195 per year.

"And in response to the notice aforesaid, the defendant notified the plaintiffs that, whilst it did not concede their rights to any renewal, it was willing to

execute exhibit B, which is hereto annexed and made a part hereof, which plaintiffs declined to accept, and subsequently, on the twenty-first day of October, 1890, executed, and tendered to defendant for execution by it, exhibit C, which is hereto annexed and made a part hereof, but which defendant declined to execute.

"The amount in dispute in this case, exclusive of costs, exceeds the sum of $2,500, as a lease of said premises for one term of fifty years is of greater value than $3,000."

Exhibit B, referred to in the agreed statement of facts, was a lease of one term of fifty years only without any right of renewal, while exhibit C was a lease for fifty years subject to renewal at the expiration of that time at the pleasure of the plaintiffs or their assigns. The covenant for the renewal of the lease referred to in exhibit A is as heretofore set forth.

It is claimed by defendant that it is a trustee of a highly favored trust fund, and that a lease of the property for so long a time as fifty years would therefore constitute a breach of trust, and that a court of equity will not by its decree compel the commission of a breach of trust. And furthermore that a renewal of the lease for fifty years was to give to the lessees the perpetual enjoyment of the trust estate, a gift of inheritance, which is beyond the powers of the trustees, and which courts have no jurisdiction or discretion to compel.

No question is raised as to the power of the board to execute the old lease, and, even if there was, such power is conferred by the act of the general assembly of this state, entitled "An act to establish a corporation in the city of St. Louis, for the purpose of public education," approved February 13, 1833. The same power still exists in the defendants in their official capacity.

The agreed statement of facts shows that plaintiffs,

as assignees of the old lease, have done all that was required of the lessees by the terms of the instrument, and are entitled to have it renewed, unless the position of defendant is well taken. *Hug v. Van Burkleo,* 58 Mo. 202; *Strohmaier v. Zeppenfeld,* 3 Mo. App. 429; *Crawford v. Kastner,* 26 Hun, 440.

Where by the terms of the covenant perpetual renewal of the lease is plainly expressed or implied, they must receive a reasonable construction and be enforced. *Hare v. Burges,* 4 K. & J. 45; *Crawford v. Kastner, supra.* There is no room for doubt as to the right of the lessees or the plaintiffs herein who have succeeded thereto by mesne conveyances, to have the lease renewed for one term of fifty years, because by express covenant in the old lease it is covenanted and agreed by and between the said parties, that at the end of the term hereby demised, this lease shall be renewable at the option of the party of the second part, his executors, administrators, or assigns. The covenant of renewal could not have been well put in stronger and more explicit language.

In *Blackmore v. Boardman,* 28 Mo. 420, the facts were these: By deed dated October 25, 1847, the board of president and directors of the St. Louis public schools demised and leased to the plaintiff Blackmore a certain tract or parcel of land of upwards of six arpens, of which that mentioned in the petition in that case was part, for the term of ten years, commencing from and after October 25, 1847. Said lease contained a covenant for renewal in the following terms: "And it is hereby covenanted and agreed by and between the said parties, that at the end of the term hereby demised this lease shall be renewable for the further term of ten years; and so on from time to time *perpetually,* at the option of the party of the second part, his executors, administrators or assigns,

he or they giving to the party of the first part, in every instance, a notice in writing of his or their wish to renew the same three months at least before the end of the term. And every renewal lease shall contain all the covenants, agreements, clauses and stipulations herein contained," etc. It was held that the law discourages perpetuities and does not favor covenants for continued renewals; but when they are clearly made, their binding obligation is recognized and will be enforced.

It will be observed in that case that by express covenant in the first lease it was to be renewed from time to time *perpetually* at the option of the lessee, while in the case in hand no such covenant by express terms is incorporated in the lease. *Veal v. Chariton County Court*, 15 Mo. 412, is not in conflict with the *Blackmore case*, as all that is decided by the latter case is that the county courts are the trustees of the county school fund, and that they have no authority to dispose of the principal and interest otherwise than as prescribed by law. There was no violation of law committed in this case by the school board in leasing the ground in the first place, nor does it appear that the rental agreed upon was so inconsiderable as to amount to a gift of the use of it.

We come now to the consideration of the question, whether or not the lessees in the old lease, or their assigns, are by its terms entitled to its *perpetual* renewal. It may be conceded that the land described in the lease is held by defendant in trust for a charitable purpose. That courts will guard such property, and the fund arising therefrom, with a jealous eye and see that it is not misappropriated or diverted from its proper channel and humane objects, there can be no question. Unless it appears from the covenant in the lease, by express term or clearly by implication, that

plaintiffs are entitled to have the lease renewed for all time to come, a court of equity will not decree specific performance of the covenant for that purpose. *Seymour v. Delancey*, 6 Johns. Ch. 222; s. c., 3 Cowen, 445; 2 Story's Eq. Juris., secs. 717, 742, 750, 769; *Colson v. Thompson*, 2 Wheat. 336; *Harnett v. Yielding*, 2 Sch. & Lefr. 552. A renewal of the lease for all time to come is to create a perpetuity, which is against the policy of the law and which it does not favor. *Morrison v. Rossignol*, 5 Cal. 64; *Blackmore v. Boardman, supra.*

All that is said in the covenant for a renewal of the lease for more than one term of fifty years, either by implication or otherwise is as follows: "And every renewed lease shall contain all the covenants, agreements, clauses and stipulations herein contained, with this exception only, that the annual rents to be reserved on every renewal shall be six per centum on the value of the demised premises," etc. Do the words "and every renewal" as used and when used in the lease clearly show that the lessors intended to covenant for a renewal of it for more than one term?

In *Piggot v. Mason*, 1 Paige, Ch. 412, it was held that the holder of an original lease was not entitled to a covenant for renewal in the new lease, as that would create a perpetuity. And a lease should not be so construed. *Syms v. Mayor*, 105 N. Y. 153; *Carr v. Ellison*, 20 Wend. 178; *Banker v. Braker*, 9 Abb. (N. C.) 414; *Rutgers v. Hunter*, 6 Johns. Ch. 215; *Whitlock v. Duffield*, 1 Hoffman's Ch. 110. So it has been said that a covenant which does not plainly imply or express a perpetual renewal, will not be construed to give this right. 1 Taylor on L. &. T. sec. 334. In *Carr v. Ellison*, 20 Wend. 178, it is held that a covenant to renew a lease under the same covenants contained in the original lease, is satisfied by a renewal of the lease, omitting the covenant of renewal.

There being no clear words in the covenant for renewal in this case, nor any words relative to a perpetual renewal, we are constrained to hold, that the words, "and every new lease shall contain all the covenants, agreements, claims and stipulations," as used in the first lease, in the absence of more positive stipulation, that the covenant of renewal means only a second lease and not a perpetuity of leases. *Moore v. Foley*, 6 Ves. Ch. 232. Had it been otherwise intended, and the lease had been one of perpetuity at the pleasure of the lessees, it is not unreasonable to presume that some such provision would have been made in the lease.

That such is the correct construction to be put on the covenant of renewal seems manifest, from the use of the words "at *the* end of *the* term hereby demised, *this* lease shall be renewable at the option of the party of the second part, his executors, administrators or assigns, he or they giving to the party of the first part in every instance, a notice in writing of his or their wish to renew the same, three months at least, before the end of the term." By the use of the words "the" and "this" in this manner, would seem to indicate that reference was had to the expiration of the term under the first lease, only.

The judgment will be reversed and the cause remanded, with directions to the trial court to so modify its decree, as to enforce the specific performance of the covenant of renewal in the lease for one term only. All of this division concur.