### FRANK A. COOKE *vs.* EDWIN P. MILLER *et al.*

#### PROVIDENCE—APRIL 8, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Arbitration.*

A lease provided that at the end of the term lessor should have the right to buy buildings on the land, built by lessee, at a price to be settled by three arbitrators, one to be chosen by each party and the third by these two. At the end of the lease, lessor took possession. The parties chose arbitrators, but they were unable to agree. Other arbitrators were chosen, and these also failed to argee. Lessee brought a bill in equity to have the value of the buildings settled by a master or in some other way. On demurrer:—

*Held*, that there is a distinction between enforcing arbitration in executory contracts and those in which there has been part performance and the matter of arbitration is not the main part, but an incident of the contract; in the latter case, if the matter cannot be settled *modo et forma*, the court will substitute itself for the arbitrators.

*Held*, further, that, where the method failed, it was immaterial whether it was owing to the conduct of the parties or of the arbitrators.

*Held*, further, that complainant was entitled to relief.

BILL IN EQUITY, seeking relief set forth in opinion. Heard on demurrer to bill, and demurrer overruled.

STINESS, C. J. A written lease provided that at the end of the term the lessor should have the right to buy buildings on the land, built by lessee, at a price to be settled by three arbitrators, one to be chosen by each party and the third by these two.

At the end of the lease the owners took possession of the land, and have since retained it. The parties chose arbitrators, but they were unable to agree. After their failure other

arbitrators were chosen, and these also failed to settle a price; whereupon the lessee brings this bill to have the value of the buildings, taken by the respondents, settled by a master or in some other way.

The respondents demur to the bill on the grounds that the facts do not show a case for relief in equity, and that the relief prayed for cannot be given.

This question has been one of rare occurrence, because in most cases an unanimous award is not required.

In *Cooth* v. *Jackson*, 6 Ves. Jr. 12 (1801), Lord Chancellor Eldon said he was not aware of any case, where the judgment of arbitrators is not given in the time and manner of the agreement, that the court have substituted themselves for the arbitrators and made the award.

It is to be noted that this decision related to an executory agreement. See also *Milnes* v. *Gery*, 14 Ves. Jr. 400.

*Blundell* v. *Brettargh*, 17 Ves. Jr. 232, pointed to an exception to the statement in *Cooth* v. *Jackson*, in Lord Eldon's question: "Then was there a part performance or acquiescence?" There being none, the decision was the same as in the previous case.

In *Gregory* v. *Mighell*, 18 Ves. Jr. 328, under an agreement for a lease for twenty-one years, rent to be fixed by arbitrators, the tenant entered, expended money on the place, and arbitrators were appointed by the parties. The lessor refusing to sign arbitration bonds, the arbitrators refused to proceed; and thus the matter stood for several years, when the tenant brought the bill for specific performance. Sir William Grant, master of the rolls under Eldon, as lord chancellor, referring to the contract, said: "It is in part performance; and the court must find some means of completing its execution. . . . The amount must be fixed in some other mode, and it seems to me that it should be ascertained by the master, without sending it to another arbitration, which might possibly end in the same way."

In *Dinham* v. *Bradford*, 5 L. R. Ch. Ap. (1869), 519, it was agreed that one partner should purchase, at the close of the partnership, the share of the other, at a valuation by two per-

sons. Trouble arising between the partners, no arbitrators were appointed, and a bill was filed for a valuation. The defendant relied on the doctrine that an agreement for sale, price to be fixed by arbitrators, with nothing more, cannot be carried into effect by the court.

(1)　Lord Hatherly, L. C., said: "This case is not like that of the sale of an estate, the price of which is to be settled by arbitration; but is a case in which the whole scope and object of the deed would be entirely frustrated if the court were to apply the well-known doctrine to the present circumstances. In cases of specific performance the matter is very plain and simple. One person agrees to sell his estate in a given way, and no rights are changed by the circumstance of that method of selling the estate having failed. The estate remains where it was and the money where it was. But here . . . it is much more like the case of an estate sold and the timber on a part to be taken at a valuation, the adjusting of matters of that sort forming part of the arrangement, but being by no means the substance of the agreement. In such cases the court has found no difficulty. If the valuation cannot be made *modo et forma*, the court will substitute itself for the arbitrators. It is not the very essence and substance of the contract, so that no contract can be made out except through the medium of arbitrators. Here the property has been had and enjoyed, and the only question now is, what is right and proper to be done with regard to settling the price."

A more exact statement of the case at bar could hardly be given. The line of law is sharply drawn between enforcing arbitration in executory contracts and those in which there has been part performance and the matter of arbitration was not the main part, but an incident, of the contract. In the present case the complainant, as lessee, put up buildings on the respondents' land, which the latter were to pay for if the lease was not renewed.

The respondents have the buildings. The complainant can not remove them. The contract has been fully executed, excepting payment. This has been tried according to the contract, and has failed. The parties cannot be put *in statu quo*,

as in an executory contract. If the complainant were to sue at law, the contract could be pleaded.

It is a typical case for relief in equity.

The English rule sustains the bill, and American cases are in the same line.

*Biddle* v. *Ramsey*, 52 Mo. 153, was almost exactly like the case at bar, and relief was granted in equity. To the same effect are *Hug* v. *Van Burkleo*, 58 Mo. 202; *Coles* v. *Peck*, 96 Ind. 333. The same principle was involved in *Town of Bristol* v. *Bristol Water Works*, 19 R. I. 413, where the doctrine was fully considered. In that case one of the parties had refused to appoint an arbitrator; in this case there has been no refusal. We think, however, that the remedy is the same in both cases, when there is need to apply it.

In *Grosvenor* v. *Flint*, 20 R. I. 21, the respondents refused to agree to impartial men to such an extent as to amount to a refusal of the arbitration altogether; and hence relief was granted in equity.

This bill rests upon the same principle, since here arbitration has been tried and failed; and it can make no difference, if the method agreed upon fails, whether it be from the conduct of the parties or of the arbitrators. In either case it is a failure. The contract does not call for two arbitrations, and it would therefore be as much beyond the terms of the contract to order another arbitration as to proceed through a master.

We think the remedy is well settled on sound reason.

Demurrer to the bill overruled.

*Francello G. Jillson and Cooke & Angell,* for complainants.
*Edward D. Bassett,* for respondents.