WILLIAM M. JONES, Plaintiff, v. ALFRED COCOMITROS, Defendant.

(County Court, Jefferson County, February, 1921.)

Lease — when provisions of old lease not incorporated in renewal lease — landlord and tenant — summary proceedings.

> Where the provisions of an old lease are continued in a new lease by reference only, a provision of the former lease for a renewal of the term is not incorporated in the new lease, unless that intention is clearly expressed. (P. 451.)
>
> Where the right to a renewal of a five-year lease has been lost by failure to give the proper notice for an extension of the term, and the assignee of all the tenant's rights, without objection on the part of the landlord, continues in possession of the premises for one month beyond the term, a new lease given to him for five years from the expiration of the old lease, containing no specific provision for a renewal, is only a lease for a term of five years, even though the provisions of the old lease by reference are incorporated in the new one, which declares that it was intended as a renewal of the old lease. (Pp. 450, 451.)
>
> Where in summary proceedings instituted against the assignee of the lease as a holdover, his only claim is that by the terms of the new lease he was entitled to at least a further term of two years, the landlord will be granted a final order awarding him possession of the premises. (Pp. 450, 452.)

SUMMARY PROCEEDINGS for possession of premises, expiration of term.

Purcell, Cullen & Pitcher, for petitioner.

Thomas Burns, for defendant.

CONBOY, J. The facts were stipulated and the only question to be determined is the proper construction of the lease between the parties.

County Court, Jefferson County, February, 1921.     [Vol. 114.

Harriet V. Smith in her lifetime owned a block on the public square in the city of Watertown, N. Y., consisting of basement, ground floor and upper floors. On November 23, 1910, she rented the first floor and basement to one Kachivelos to be used as a store for the term of five years from January 1, 1911, for $1,800 per year, payable monthly in advance. The lease contained numerous terms and conditions; such as what the premises were to be used for, the payment of taxes, the removal of stairs, the surrender of the premises at the expiration of the term and other matters. It then contained the following provision: "The parties of the first part further agree that at the expiration of the above term they will extend this lease for a period of two years upon the same terms and conditions as herein stated, providing they receive from the second parties a six months' written notice that they desire a continuation of the lease and the said first parties do further agree that if said two years' extension be made, that they will upon the same notice at the expiration of that period, make a further extension of three years of this lease upon the same terms and conditions herein provided, except as to the amount of the rental thereof, which shall at that time, to wit, seven years from January 1, 1911, be readjusted."

On July 21, 1911, Kachivelos assigned all his interest in the lease to the defendant with the consent of Harriet V. Smith. It was agreed in the assignment that the assignee was to keep and perform all the conditions of the lease made by the assignor.

The defendant went in possession under the assignment and continued thereunder until February 1, 1916, which was one month after the expiraton of the term. He did not give the six months' notice provided in the lease for a renewal. On that day, February first, Mrs.

Smith and the defendant executed an agreement for the rental of the same premises for a period of five years from January 1, 1916. The agreement stated that the lease of 1910 had expired January 1, 1916, and contained a further proviso that " the parties were desirous of *renewing* the lease." It contained the following clause which the court is asked to construe: " The party of the first part (Smith) does lease and demise unto the said party of the second part the premises described in said lease, dated November 23, 1910, for a period of five years from January 1, 1916, on the same terms and conditions as expressed in said lease aforesaid, and each of the parties hereto do hereby promise and agree to be governed by and to comply with said terms and conditions as if said terms and conditions were set forth in detail herein."

Mrs. Smith died intestate August 19, 1919, leaving two children of full age as her only heirs at law. On December 3, 1919, the heirs, as owners, rented the whole block, including the premises in question, to the Alling Rubber Company subject to the defendant's lease for the term of five years from January 1, 1920, at the agreed rental of $2,608 for the first year and $4,000 per year for the remaining four years, payable monthly in advance, with the privilege of a renewal for five years longer at $4,500 per year. The lease to the rubber company contained a covenant on the landlord's part that the defendant's lease would expire January 1, 1921, and that there was no right of renewal.

Shortly after the execution of the lease to the Alling Rubber Company the defendant was notified in writing by the owners to pay that company the rent for the occupied premises; was advised of the last mentioned lease and since that time the defendant has

paid the rent to that company. The heirs notified the defendant that the lease of February 1, 1916, would expire January 1, 1921. The defendant notified the heirs by proper notice of his desire to continue the lease and duly complied with the provisions of the first lease as to such notice.

Shortly after the alleged expiration of the defendant's lease, the petitioner, as agent of the Alling Rubber Company, began this proceeding against the defendant by petition and precept and claimed that the defendant's lease of February 1, 1916, expired January 1, 1921. The defendant served an answer claiming in substance that by the terms of that lease he was entitled to at least two years' further extension.

It will be noticed that while the agreement of February 1, 1916, provides for a rental period of five years on the same terms and conditions as the first lease, there is no mention of a renewal term except as the same may be inferred. No question is raised that all the provisions of the first lease are incorporated in the new lease except the right of renewal.

No proof was given showing the intention of the parties except as the same may be spelled from the leases themselves. The defendant was entitled under the first lease by serving the proper notice to an extension of two years and possibly five years. By failing to serve the notice the right of extension was lost. He, however, continued in possession for one month without objection from the landlord. The tenant was, therefore, bound for another year. Whether the landlord was also bound is left in doubt by the agreed statement of facts. *Schuyler* v. *Smith,* 51 N. Y. 309; *Smith* v. *Littlefield,* Id. 539. It will be assumed, however, that the defendant had the right to hold over until January 1, 1917. Instead of relying upon that right the

parties executed another agreement to extend the period for five years from January 1, 1916, under the same terms and conditions which gave to the defendant all he could by any possibility be entitled to under the terms of the first lease. Whether the agreement of February first was a new lease or simply a renewal lease will to my mind make considerable difference with the law of the case.

Where parties make an entirely new contract and incorporate by reference all the terms and conditions of another paper, it would seem that all substantial covenants are presumed to be inserted, but in the case of a renewal lease of premises, and the provisions of the old lease are continued in the new by references only, it does not incorporate the renewal provisions of the old lease unless that intention is clearly expressed. I conclude that the lease of February first was intended as a renewal lease in view of the fact that the parties themselves called it such. There being no specific provision in the second lease for a renewal it would seem to be the intent of the parties that the term would end on January 1, 1921. Under the old lease the defendant had the possible right to a continuance for ten years. By the execution of the February first lease he had the absolute right to the full term of ten years in all; five years under the first lease and five years under the lease in question. The latter term was in fact a renewal. It would seem that if the parties intended that the defendant was to have a further term of two and possibly five years, it would have been so stated.

The conclusion I have reached is sustained by authority. *Carr* v. *Ellison,* 20 Wend. 177; *Winslow* v. *B. & O. R. R. Co.,* 188 U. S. 646; *Muhlenbrinck* v. *Pooler,* 40 Hun, 526; *Pflum* v. *Spencer,* 123 App. Div. 742; *Cunningham* v. *Pattee,* 99 Mass. 248; *Syms* v. *City of New*

*York,* 105 N. Y. 153; Chaplin Landl. & Ten. 230. Those cases determine the doctrine under the circumstances of this case that only one renewal was intended and that the defendant has already had.  Chaplin on Landlord and Tenant, *supra,* states the doctrine succinctly: "A covenant to renew a lease means to renew it once, and not to renew it from time to time forever.  In other words, under such a covenant the renewal lease need not contain a renewal clause.  This principle applies even though the covenant is to renew ' under the same covenants as in the original lease ' this provision contemplating a renewal upon the same covenants excepting the covenant for a renewal."

It seems quite clear that it was the intention of the parties when the February first agreement was made to lease the premises to the defendant for a term of five years only, without the privilege of a further renewal and consequently the defendant's term expired January 1, 1921.  He was a holdover at the time of the commencement of this proceeding and the petitioner is entitled to a final order awarding the petitioner the possession of the premises.

Order granted.