## PICKRELL et al. v. BUCKLER et al.*
### (No. 1966.)

Court of Civil Appeals of Texas. El Paso.
March 24, 1927.

Rehearing Denied April 7, 1927.

1. **Landlord and tenant ⬅➡83(1)—Covenant in lease for renewal on same terms and conditions is satisfied by one renewal.**

A covenant to renew a lease at expiration of term on same terms and conditions is satisfied by one renewal.

2. **Landlord and tenant ⬅➡37—Leases are most strongly construed against grantor.**

Leases are most strongly construed against grantor, who, having power to stipulate in his own favor, has failed to do so.

3. **Landlord and tenant ⬅➡83(1)—Rule of stronger construction against grantor applies to renewal provisions in lease, where perpetuity is not involved.**

Rule that leases are construed most strongly against grantor is applied to question of renewals, where no question of perpetuity is involved.

4. **Landlord and tenant ⬅➡83(1)—Covenant for renewal of lease need not be in any particular form.**

A covenant to renew a lease is not required to be in any particular form.

5. **Landlord and tenant ⬅➡88(2)—Express agreement for renewal of existing lease held to include provision for tenant's option for extended term.**

Express stipulation near end of term, that lease should be renewed for additional term on all terms and conditions contained in original except as thereby modified in amount of rent and payment of insurance, *held* to include option for another extension.

6. **Landlord and tenant ⬅➡83(1) — Renewal provision in lease dependent on lessor's willingness to rent for 5 years held void for uncertainty.**

A provision in a lease for extension for 5 years upon same terms which landlord should be willing to accept from any other person, but not containing any method for fixing the rental, *held* void for uncertainty as dependent entirely upon landlord's will.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by C. S. Pickrell and others against Mrs. C. N. Buckler and another. Demurrer to the petition was sustained, and judgment of dismissal was rendered, and plaintiffs appeal. Affirmed.

S. N. Russell, and Goggin, Hunter & Brown, all of El Paso, for appellants.

Turney, Burges, Culwell, Holliday & Pollard, and Kemp & Nagle, all of El Paso, and Adolph & Henry Bloch and C. E. Travis, all of New York City, for appellees.

HIGGINS, J. This suit was brought by appellants C. S. Pickrell, A. J. Pickrell, the Élite Confectionery Company, and J. E. Hodges, trustee of all the assets of the Élite Confectionery Company, against appellees Mrs. C. N. Buckler and W. T. Grant Company to recover damages for breach of an alleged covenant to renew a lease contract. A general demurrer to the petition was sustained. The plaintiffs declining to amend, judgment of dismissal was rendered.

The W. T. Grant Company is a subsequent lessee of Mrs. Buckler. It had no contractual relation with the plaintiffs. It is entitled to all defenses which Mrs. Buckler may have, and perhaps others. If no cause of action be stated against Mrs. Buckler, none exists against her tenant. It is unnecessary to set forth the allegations against the Grant Company, for no cause of action is stated against Mrs. Buckler.

Omitting allegations which have no controlling influence, the following facts are shown by the petition, viz.:

Mrs. Buckler was the owner of a parcel of land in El Paso upon which she expected to erect a two-story building. On September 10, 1910, she, as first party, entered into a lease contract with the Pickrells and the Élite Confectionery Company, as second parties, whereby she let the premises to the second parties for 7 years from the date the building was completed at a monthly rental of $1,500 for the basement and first floor, and $400 per month for the second floor.

On September 30, 1910, a supplemental agreement was entered into modifying in unimportant particulars the contract of September 10th. The building was completed about December 1, 1910.

The original contract contained these stipulations:

"At the expiration of the 7 years' lease, the parties of the second part are to have the option for a new 5-year lease on either the ground floor and basement or the entire building, as the parties of the second part may elect, at the price the party of the first part is willing to rent to any one else. If the parties of the second part desire such new lease, they must give notice of such desire in writing, at least 6 months before the expiration of said 7 years.

"If the party of the first part, at the expiration of the said 7 years, desires to enlarge or rebuild said building, the parties of the sec-

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused 295 S. W. —.

ond part, if necessary, shall vacate said premises, but when said enlargement or rebuilding is completed the parties of the second part shall have the aforesaid right for a new lease, if they desire, at the price the party of the first part is willing to rent to any one else."

On January 18, 1916, the said parties entered into an agreement, which provides:

"Whereas, there now exists between the parties hereto a written lease of date September 10, 1910, and supplemental agreement of date September 30, 1910, on that certain building in El Paso, Tex., known as the Buckler building;

"And whereas, the parties hereto desire to extend said lease at the termination of said present lease, which is 7 years from its date, so that said present lease will run for an additional period of 7 years from the expiration thereof, and to provide for an additional rental for said 7 years' extension:

"Now, therefore, it is hereby agreed between said party of the first part and the parties of the second part that beginning at the termination of said present lease the same shall be extended for an additional period of 7 years, but on the express condition as follows:

"(1) [This paragraph provides for an annual rental of $30,000, payable in monthly installments.]

"(2) [This paragraph requires the lessees to pay any additional cost of insurance occasioned by any use made by them of the premises.]

"(3) In consideration of the foregoing, the said lease now existing on said Buckler building is to be extended at the termination of the present lease for a period of 7 years, but all the provisions of said present lease and all the terms and conditions thereof are kept in full force and effect and are not changed hereby, nor intended to be changed hereby, except as to the amount of yearly rental; and this extension of 7 years from the expiration of the present lease is to be under the terms and conditions of said existing lease except as to said payments as aforesaid, and except as to the said matter of increased insurance."

Prior to December 1, 1924, the lessees gave due notice of their desire to renew the lease. Mrs. Buckler denied they had any right to renewal and leased the premises to the Grant Company, whereupon plaintiff vacated the premises under protest and later brought this action.

The lease to the Grant Company was for 25 years, from December 1, 1924, at a rental of $40,000 annually for the first 5 years; $42,500 annually for the next 5 years; and $45,000 annually for the remainder of the term.

[1] The decisions are uniform in holding that a covenant to renew a lease at the expiration of the term upon the same terms and conditions and with like covenants is satisfied by one renewal, and the tenant cannot insist upon the incorporation in the renewal of a covenant to renew at the expiration of the new term, for, otherwise, a perpetuity would be created which the law does not favor. It will not be presumed the parties so intended unless the plain and unmistaken import of the language used so shows. Diffendiefer v. Board of Public Schools, 120 Mo. 447, 25 S. W. 542; Drake v. Board of Education, 208 Mo. 540, 106 S. W. 650, 14 L. R. A. (N. S.) 1829, 123 Am. St. Rep. 448; Winslow v. B. & O. R. R., 188 U. S. 654, 23 S. Ct. 443, 47 L. Ed. 635, and cases there cited. See, also, 16 R. C. L. 387; Taylor on Landlord and Tenant (9th Ed.) §§ 332, 333, 334; Jones on Landlord and Tenant, § 343; 35 C. J. 1027; cases cited in notes 123 Am. St. Rep. 462; 13 Ann. Cas. 1006; Ann. Cas. 1916C, 1096.

There is no doubt that, under the terms of the original lease, the plaintiffs were entitled to but one renewal. As to this, appellants make no point, but insist the agreement of January 18, 1916, granted them the right of extension for an additional term of 5 years.

[2, 3] No question is here presented of a perpetual right of renewal contended for them. There is, therefore, no occasion to apply the strict rules of construction obtaining in cases of that nature. In construing leases, the general rule is that they are most strongly construed against the lessor. 35 C. J. 1181. This is upon the principle that every man's grant is construed most strongly against him, and if there is any uncertainty the tenant is favored rather than the landlord, for the latter, having the power to stipulate in his own favor has omitted to do so. 35 C. J. 1010; Taylor, Landlord & Tenant (9th Ed.) § 81; 16 R. C. L. 884. In construing provisions in a lease relating to renewals where the question of creating a perpetuity is not involved, this rule is applied. 35 C. J. 1010.

[4] A covenant to renew is not required to be in any particular form. 16 R. C. L. 884; 35 C. J. 1008.

[5] When the parties executed the extension contract of January 18, 1916, it was the right of Mrs. Buckler to decline to incorporate therein any covenant for further renewal, but it was also competent for the parties, if they desired so to do, to covenant for a renewal at the expiration of the extended term. This they expressly did by the stipulation above quoted, wherein it was provided:

"All the provisions of said present lease and all the terms and conditions thereof are kept in full force and effect and are not changed hereby, nor intended to be changed hereby, except as to the amount of yearly rental; and this extension of 7 years from the expiration of the present lease is to be under the terms and conditions of said existing lease except as to said payments as aforesaid, and except as to the said matter of increased insurance."

The quoted stipulation plainly carried forward and incorporated in the extension con-

tract as a part thereof that provision of the original lease granting to the lessees a right of renewal for a period of 5 years.

The only case cited to any extent in point is Jones v. Cocomitros, 114 Misc. Rep. 447, 186 N. Y. S. 683, and sustains this view. In that case the original lease, dated November 23, 1910, provided for an extension of 2 years upon notice. The second contract dated February 1, 1916, contained this stipulation:

"The party of the first part (Smith) does lease and demise unto the said party of the second part the premises described in said lease, dated November 23, 1910, for a period of 5 years from January 1, 1916, on the same terms and conditions as expressed in said lease aforesaid, and each of the parties hereto do hereby promise and agree to be governed by and to comply with said terms and conditions as if said terms and conditions were set forth in detail herein."

. The lower court held there was no right to renew because there was no specific provision to that effect in the second contract, applying the strict rule of construction obtaining in covenants for renewal which create a perpetuity. See 186 N. Y. S. 683.

Upon appeal, the ruling made is thus stated in a memorandum decision:

"Held, the agreement of February 1, 1916, was a new and original lease incorporating all the provisions of the lease of November 23, 1910, which included an option on the part of the tenant to extend the lease for a period of 2 years upon the same terms and conditions, and that, having given notice of his election to take such extension prior to December 31, 1920, the defendant was in legal possession of the premises, and was not subject to removal after January 1, 1921, by summary proceedings."

See 198 App. Div. 966, 189 N. Y. S. 946.

We therefore conclude that at the expiration of the extended term the lessee had "the option for a new 5-year lease," "at the price" Mrs. Buckler was "willing to rent to any one else."

The plaintiffs alleged:

"That the plaintiffs C. S. Pickrell, A. J. Pickrell, and the Elite Confectionery Company, of El Paso, Tex., were ready, able, and willing to perform their part of said contract to lease said property for said additional 5-year period, and pay the reasonable rental value therefor, and to pay as much rent as any other person would pay for said property, and to pay as much rent as the said Mrs. C. N. Buckler was willing to rent said property to any one else in accordance with the terms of their contracts, and demanded of said Mrs. C. N. Buckler said lease for said additional 5 years; and that said plaintiffs were ready, willing, and able to pay Mrs. C. N. Buckler for said premises the rental agreed to be paid to her by the said W. T. Grant Company, as hereinabove stated, and are now ready, willing, and able to pay the rental as required by their said contract; that is to say, $40,000 for said five years, or such other reasonable price as the court may

lawfully determine the said defendant Mrs. C. N. Buckler is entitled to."

The duration of the term is always an important consideration with both parties in fixing the rental. Mrs. Buckler might have been willing to let to the Grant Company or some one else for a period of 25 years for a smaller annual rental than she would for a term of only 5 years. Again, she might have been willing to let for 25 years at an annual rental of $40,000 for the first 5 years, and be unwilling to let at any price for a term of only 5 years. The determination of the price Mrs. Buckler was "willing to rent to any one else" involves the assumption that she was willing to let the premises to some one else for 5 years. There is no allegation that she was so willing.

[6] It seems to us that, for all practical purposes, the right to renew was dependent upon the willingness of Mrs. Buckler to let to some one for 5 years, for, unless she was willing to do so, she herself could not determine the price she was willing to rent for. But if it be assumed she was so willing, or failing in such willingness, she must nevertheless assent and relet to plaintiffs for 5 years, then, how is the future rental to be fixed when she declined to do so? A covenant to renew which fails to fix the rental for the renewal term is void for uncertainty unless the contract, expressly or by reasonable implication, provides a method whereby the rent may be fixed, thereby making certain that which was uncertain. It is not to be denied there are cases, some of which are cited by appellants, which have gone far in upholding contracts to renew where there is not expressly provided a method of fixing the future rental. For example, see Arnot v. Alexander, 44 Mo. 25, 100 Am. Dec. 252.

But these cases are of but little value for the terms of the contracts were different from the contract here in question. They merely serve to show the extent to which some courts have gone in upholding, in favor of the tenant, covenants to renew of doubtful validity because of uncertainty in fixing the future rental. The contract here leaves the future rental wholly uncertain. Without making a contract for the parties which they themselves did not make, the court cannot by any method fix the rental which should have been paid, and which it was Mrs. Buckler's duty to have accepted, and grant a new lease.

While the question is not free from doubt, we conclude the covenant to renew was void for uncertainty. 16 R. C. L. 886; 35 C. J. 1009. 1 Taylor, L. & T. (9th Ed.) § 333; Streit v. Fay, 230 Ill. 319, 82 N. E. 648, 120 Am. St. Rep. 304; Tracy v. Albany, 7 N. Y. 472, 57 Am. Dec. 538.

The general demurrer was therefore properly sustained.

Affirmed.