SHEPHERD, Circuit Judge.
Appellant H & R Block Tax Services LLC (“H & R Block”) appeals the district court’s grant of summary judgment in favor of Appellees Deanna Franklin, Jerry Franklin, and the Franklin 1989 Revocable Family Trust (collectively “Franklin”). At issue is whether H & R Block had the right to terminate two franchise agreements between the parties where the agreements expressly stated that Franklin could terminate at any time but only affirmatively allowed H & R Block to terminate for cause. The district court held the *943 language was to be interpreted so that the franchise agreements would continue in perpetuity and that H & R Block could not extinguish the contracts without cause. Because we find under de novo review the language of the contracts did not unequivocally express the parties’ intent for the contracts to last forever, we reverse.
I. Background
H & R Block, a Missouri corporation, operates retail tax return preparation offices and franchises others to operate H & R Block offices under its service mark. Deanna and Jerry Franklin, both citizens of California, are trustees and beneficiaries of the Franklin 1989 Revocable Family Trust. Franklin has operated two H & R Block franchises in Yucaipa and Banning, California, since 1990.
The franchise agreements at issue were entered into between predecessors in interest of H & R Block and Franklin in 1975. In 1990, the agreements were assigned to Franklin. The agreements contain the following identical duration provision:
The initial term of this Agreement shall begin on the date hereof and, unless sooner terminated by Block [for cause] as provided in paragraph 6, shall end five years after such date, and shall automatically renew itself for successive five-year terms thereafter (the “renewal terms”); provided, that Franchisee may terminate this Agreement effective at the end of the initial term or any renewal term upon at least 120 days written notice to Block prior to the end of the initial term or renewal term, as the case may be.
On June 3, 2010, H & R Block gave Franklin notice of its intention not to renew the franchise agreements when the five-year renewal terms were set to expire on December 1, 2010. H & R Block then filed an action in federal district court, seeking a declaratory judgment that it could terminate the agreements and seeking damages and injunctive relief.[1] Franklin filed a counterclaim seeking, inter alia, a declaratory judgment that H & R Block was not entitled to decline to renew the agreements.
The parties filed cross-motions for summary judgment on the issue framed by the parties’ claims for declaratory judgment. The district court granted summary judgment in favor of Franklin, concluding the franchise agreements are enforceable under Missouri law and that H & R Block did not have a right not to renew them. The court found that the agreements contained an unequivocal expression of the parties’ intent to enter into a perpetually enforceable contract. The district court certified for interlocutory appeal the issue of whether the agreements were perpetually enforceable, and our court granted permission to appeal.
II. Analysis
“We review the district court’s summary judgment order and its interpretation of state law de novo, applying the same standards applied by the district court.” Bannister v. Bemis Co., 556 F.3d 882, 884 (8th Cir.2009). “Federal courts sitting in diversity apply the choice-of-law rules of the forum state.” Cicle v. Chase Bank USA, 583 F.3d 549, 553 (8th Cir. 2009). “Under Missouri law, a choice-of-law clause in a contract generally is enforceable unless application of the agreed-to law is ‘contrary to a fundamental policy of Missouri.’ ” Id. (citation omitted). The franchise agreements at issue include a *944 choice-of-law provision stating that Missouri law shall apply. Thus, we apply Missouri substantive law.
Missouri courts “are prone to hold against the theory that a contract confers a perpetuity of right or imposes a perpetuity of obligation.” Paisley v. Lucas, 346 Mo. 827, 143 S.W.2d 262, 270 (1940) (citation omitted), overruled on other grounds by Novak v. Baumann, 329 S.W.2d 732, 733 (Mo.1959). “The [Missouri] Supreme Court has made clear that, to be enforceable, a contract which purports to run in perpetuity must be adamantly clear that this is the parties’ intent.” Preferred Physicians Mut. Mgmt. Grp., Inc. v. Preferred Physicians Mut. Risk Retention Grp., Inc., 961 S.W.2d 100, 103 (Mo.Ct.App.1998). Missouri courts “will only construe a contract to impose an obligation in perpetuity when the language of the agreement compels that construction,” such that the parties’ intention that the “contract’s duration is for life ... is clearly expressed in unequivocal terms.” Paisley, 143 S.W.2d at 271 (citation omitted).
At the outset, we note that Franklin is arguably correct that the practical effect of each agreement here “would be to create a perpetual, never-ending contract.” Preferred Physicians, 961 S.W.2d at 103. The duration provision in each contract indicates that the contract will renew “automatically” for successive five-year terms so long as Franklin does not terminate the agreement before automatic renewal.
Yet the dispositive issue in this case is not “whether the parties created a contract which had the effect of perpetual duration,” id.; instead, it is whether the contracts’ language unequivocally expresses the parties’ intent that the agreements be perpetually enforceable. See id. To meet this standard, the duration provision must “unequivocally express an intent of the parties to create a perpetual, never-ending franchise agreement.” Armstrong Bus. Servs., Inc. v. H & R Block, 96 S.W.3d 867, 877 (Mo.Ct.App.2002).
The parties disagree as to whether an unequivocal expression of perpetual enforceability requires express words such as “everlasting,” “eternally,” or “for all time” — or whether such an intention may also be clearly implied from other aspects of the contract. See Paisley, 143 S.W.2d at 271 (finding employment contract was not perpetual where “duration of the contract was not fixed expressly or by implication”); Diffenderfer v. Bd. of President, 120 Mo. 447, 25 S.W. 542, 544 (1894) (stating intent of perpetual duration may appear “by express term, or clearly by implication”).
H & R Block argues the former position, contending the Franklin agreements are terminable because they do not include any language concerning duration, other than the five-year renewal provisions. See, e.g., Armstrong, 96 S.W.3d at 877 (finding franchise agreements were not perpetually enforceable where there was an “absence of a clear and compelling declaration of the parties’ intent to create perpetual franchise agreements” and where five-year automatic renewal provisions “preclude[d] any contention that the parties intended compulsory, perpetual relationships”).
In response, Franklin contends no magic words of duration are necessary and that the parties’ intent can be clearly implied from the terms of the contract. Franklin points out that the agreements: (1) expressly give Franklin the sole right to terminate without cause, and (2) fail to include any provisions protecting Franklin if a right to terminate without cause is also afforded to H & R Block. Thus, Franklin argues, the parties must have intended perpetually enforceable agreements, reserving to Franklin the exclusive right to *945 terminate in order to balance the business relationship. See Armstrong, 96 S.W.3d at 878 (recognizing law in Missouri reflects policy of protecting franchisees at termination of franchise relationships because of the unique nature of franchise agreements).
The district court found Franklin’s arguments convincing, holding the franchise agreements contained “unequivocal expressions of the parties’ intent to enter into perpetual contracts until the franchisee chooses to terminate the contracts or they are terminated by H & R Block for cause.” H & R Block Tax Servs. LLC v. Franklin, No. 10-01165, slip op. at 5 (W.D.Mo. Oct. 19, 2011). The court reasoned that, unlike the agreements in Armstrong, where both parties were given a say in whether to terminate the agreements, the Franklin agreements allowed only the franchisee to determine when to end them:
By only giving th[e] right to terminate without cause to the franchisee, H & R Block has clearly implicated that it intends to remain in franchise agreements with the franchisee until the franchisee chooses to end them. Missouri courts have not described the “magic language” required to create a perpetual contract and the Court believes that these duration provisions are clear and compelling declarations of the parties’ intent to enter into perpetual franchise agreements until the franchisee elects to terminate the agreements or breaches the contracts.
Franklin, slip. op. at 6.
We find that the district court erred in its assessment of the franchise agreements. In order to find an intent that a contract be enforced perpetually, the Missouri Supreme Court has set the bar high: there must be an unequivocal expression that the contract last forever. Paisley, 143 S.W.2d at 270-71; see Blacks Law Dictionary 1667 (9th ed. 2009) (defining “unequivocal” as “[ujnambiguous; clear; free from uncertainty”). The parties agreed at oral argument, and our own investigation is in accord, that the only Missouri case where this high hurdle has been met analyzed a contract with the word “perpetually” in the agreement. See Blackmore v. Boardman, 28 Mo. 420, 1859 WL 6632, at *1 (Mo.1859). No similar express language appears in the Franklin agreements.
In the absence of any express language of the parties’ intent as to duration, we do not agree with the district court that an eternally enforceable obligation is otherwise clearly implied. To the contrary, “the clause providing for automatic renewal contradicts an intention that the contract would last forever,” Armstrong, 96 S.W.3d at 877, because “[a] contract that runs forever has no need for renewal.” Preferred Physicians, 961 S.W.2d at 104. In this diversity case, we are bound by Missouri law, and simply put, no term in the contracts clearly demonstrates that the parties intended for their relationship to continue in perpetuity.
Based on Missouri law, we are unable to agree with Franklin’s contention that the contracts’ language unequivocally expresses the parties’ intent that the contracts be perpetually enforceable. The district court erred in reading such an intent into the contracts.
III. Conclusion
We reverse. The case is remanded for further disposition in accordance with this opinion.

. H & R Block also filed a motion for a preliminary injunction to enjoin Franklin from breaching post-termination obligations, which was denied by the district court. That ruling is not before us on appeal.