250 A.2d 365.

CALORE RIGGING CORPORATION *vs.* STERLING ENGINEERING & CONSTRUCTION COMPANY, INC.

FEBRUARY 13, 1969.

PRESENT: Roberts, C. J.. Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   In this civil action for the breach of a construction contract the defendant in the superior court moved to stay the trial of the action there pending until arbitration of the issues involved might be had in accordance with the terms of the contract.[1] When the motion was denied, the defendant appealed and at the same time moved for leave to file a petition for a writ of certiorari.  We refused leave to file, 104 R. I. 726, 243 A.2d 925, and the case is now here on the defendant's appeal.

When the case was heard on briefs and oral argument — and it was then that we first learned that review had been sought by appeal as well as by certiorari — the procedural difficulties became at once apparent.

The immediate jurisdictional defect was that the case was not properly before us, the appeal having been taken from a trial justice's decision, rather than from a judgment. *East Providence Credit Union* v. *Brown*, 104 R. I. 92, 242 A.2d 428.  That, however, was not the only obstacle.  Assuming it could have been overcome by a nunc pro tunc order, there was still the further stumbling block of the principle which requires appellate proceedings to await entry of final judgment.  That principle is predicated upon a judicial distaste for piecemeal review.  It is not, however, immutable, and review may be had of interlocutory determinations in special situations where the legislature has so

---

[1] The contract in this respect reads: "ARTICLE XIX: DISPUTES

"Except as otherwise provided in this Agreement, any dispute concerning a question of fact arising under this Agreement which cannot be resolved by the parties shall be decided by arbitration under the provisions of the Prime Contract or, if none, by the arbitration procedures provided by Title 10, Chapter 3 of the General Laws of Rhode Island. Pending final decision of a dispute hereunder, the Subcontractor shall proceed diligently with the performance of the Agreement."

provided,[2] or if overriding public policy considerations or the possibility of undue hardship or injurious consequences warrant. *Atlantic Refining Co.* v. *Director of Public Works,* 98 R. I. 167, 200 A.2d 580; *Ewing* v. *Tax Assessors,* 90 R. I. 86, 155 A.2d 61; *McAuslan* v. *McAuslan,* 34 R. I. 462, 83 A. 837.

In this case, the determination appealed from, read literally, is interlocutory, rather than final, and therefore in ordinary circumstances would not qualify for review. When we look to its substance however, rather than to its form, it is possible to articulate it as if the trial justice had dismissed what in substance and effect was a cross-claim or counterclaim for the enforcement of a contract to submit a dispute to arbitration. In appropriate circumstances such a contract would, of course, be susceptible to a suit for specific performance. *Cooke* v. *Miller,* 25 R. I. 92, 54 A. 927; *Bristol* v. *Bristol and Warren Water Works,* 19 R. I. 413, 34 A. 359. When the case is considered in this sense it involves a claim for breach of contract, as well as a claim for specific performance of a contract to submit to arbitration. Because the claims involved in the litigation are multiple rather than single, the trial justice's determination, otherwise unappealable because lacking in finality, might have acquired eligibility for immediate review if there had been compliance with rule 54 (b) of the rules of civil procedure of the superior court.[3]

---

[2]G. L. 1956, §9-24-7, as amended, provides for immediate appeal whenever upon a hearing in the superior court an injunction shall be granted or continued, or a receiver appointed, or a sale of real or personal property ordered. or a new trial ordered or denied after a trial by jury.

[3]Insofar as here pertinent rule 54 (b) reads: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

That rule was devised in order to achieve a compromise between the long-standing judicial policy against piecemeal review on the one hand, and the desirability, on the other, of providing a means of avoiding the hardship and the denial of justice which oftentimes were the consequences of the opportunity for review being withheld pending a final disposition of all the claims involved in an action. *Dickinson* v. *Petroleum Conversion Corp.,* 338 U. S. 507, 511, 70 S. Ct. 322, 324, 94 L. Ed. 299, 302; 3 Barron & Holtzoff, *Federal Practice & Procedure,* §1193, page 18.

The precondition to an application of the rule is the presence of more than a single claim in the action, and where there is but a single claim the rule may not be invoked. *Sears, Roebuck & Co.* v. *Mackey,* 351 U. S. 427, 435, 76 S. Ct. 895, 899, 100 L. Ed. 1297, 1306; *Town of Clarksville* v. *United States,* 198 F.2d 238, 240; *cert. denied,* 344 U. S. 927, 73 S. Ct. 495, 97 L. Ed. 714; 6 Moore's *Federal Practice* (2d ed.) ¶54.33, page 238 et seq. If the precondition is satisfied, the rule may be applied, but only if the trial court first makes "* * * an express determination that there is no just reason for delay and * * * an express direction for the entry of judgment."

In this case, the precondition was satisfied. There was more than a single claim. The trial justice, however, when he adjudicated that claim neither expressly determined that there was no just reason for delay nor expressly directed that judgment enter. Ordinarily his failure to make the required certification, at least where there is no separate statutory right of appeal, would render the determination unappealable. *Lehrer* v. *McCloskey Homes, Inc.,* 242 F.2d 190, 191; *Reed* v. *National Old Line Ins. Co.,* 239 F.2d 594, 596. Here, however, he was not requested to make the requisite rulings and the record does not disclose how he would have reacted had such a request been made. In these circumstances it would serve no useful purpose to dismiss

the appeal and deprive the parties of an opportunity to have a determination of whether or not the prerequisite certification should be made. A more practical approach, and certainly one productive of a more salutary result, is to restore the case to the jurisdiction of the superior court, and to give it the prerogative of entering a judgment and of accompanying it with an appropriate rule 54 (b) certificate. *Metal Coating Corp.* v. *National Steel Constr. Co.*, 350 F.2d 521; *Ferro* v. *Railway Express Agency, Inc.*, 286 F.2d 549; *Republic of China* v. *American Express Co.*, 190 F.2d 334; Barron & Holtzoff, *supra*, page 26 and Moore, *supra*, page 268.

That we remand so that the superior court may act in the foregoing manner should not be construed as a suggestion that it should or should not make the requisite determination or direction provided for under the rule. Those are matters, at least initially, within the trial justice's sound judicial discretion. If that discretion is exercised in favor of issuing the required certificate and a new appeal is then prosecuted, we will, upon stipulation of the parties, consider the questions raised upon the present appeal record as thus supplemented.

The defendant's appeal is denied and dismissed and the case is remitted to the superior court for further proceedings not inconsistent herewith.

PAOLINO, J., did not participate.

*John A. Varone*, for plaintiff.

*Adler, Pollock & Sheehan, Peter Lawson Kennedy*, for defendant.