310 A.2d 622.

Coro, Inc. *vs.* R. N. Koch, Inc. *et al.*

NOVEMBER 1, 1973.

Present: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is a civil action brought by Coro, Inc., a Rhode Island corporation engaged in the costume jewelry business, against R. N. Koch, Inc., a New York corporation, and eleven individuals, including Robert N. Koch, Jr. and Martin Nadler, all of whom were formerly employed by the plaintiff and who are now employed by R. N. Koch, Inc.

The narrow issue raised by this appeal involves the correctness of a partial summary judgment which was entered under Super. R. Civ. P. 54(b) and 56 pursuant to the direction of a Superior Court justice.

The complaint alleges in substance that R. N. Koch, Inc., through each individual defendant, and each individual on his own behalf, has disparaged plaintiff in its business, unlawfully taken confidential information and valuable trade secrets belonging to plaintiff, and has engaged in a conspiracy tortiously to deprive plaintiff of a going costume jewelry business.

In count II of its second amended complaint, plaintiff alleges that Nadler has "acted maliciously and intentionally to interfere with plaintiff's customer, supplier and business relationships" and has participated in "an unlawful conspiracy to undermine and damage plaintiff's business and good will" and "in inducing employees of plaintiff

\* \* \* to turn over and/or use business and confidential information \* \* \* and trade secrets." The plaintiff seeks injunctive relief against each individual defendant (including Martin Nadler), and compensatory and punitive damages against each of them jointly and severally in the amount of $1,000,000.

. All of defendants filed a joint answer in which they denied all of plaintiff's allegations of wrongdoing and set forth their own version of the facts. They also filed a joint counterclaim, the contents of which are not pertinent here.

In addition, defendant, Martin Nadler, also filed a separate counterclaim in which he alleged that plaintiff had promised to pay him a cash bonus under the name of "Big Dollar Contest," based upon shipments during the months of May, June and July, 1971; that based upon the formula set forth in that contest, he had earned and was entitled to a bonus in the amount of $6,717.15; and that no part of the amount due had been paid. A copy of the memorandum describing the contest is attached to Nadler's counterclaim. He demands judgment in the amount of $6,717.15 with interest and costs.

The plaintiff filed an answer to Nadler's separate counterclaim. It admitted the genuineness of the document attached to Nadler's separate counterclaim and stated affirmatively that it was not indebted to Nadler in any amount.

· Nadler moved for summary judgment under Rule 56 for the relief requested in his separate counterclaim.[1] He

---

[1] Rule 56(a) and (b) read as follows:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim,·or cross-claim or to obtain a declaratory judgment may, at any · ·time after the . expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse

based his motion on the ground that there was no genuine issue as to any material fact and that he was entitled to a judgment as a matter of law.

Nadler supported his motion for summary judgment with an affidavit, the averments of which may be summarized as follows:

1. During the last four years of his employment with Coro's Decor jewelry division, his compensation was based entirely on his sales.

2. It was in May, 1971, that Coro announced and put into effect its Big Dollar Contest as a special sales incentive program for all of its approximately 50 domestic salesmen.

3. Shipments on his sales during May, June, and July, the three months in which the contest was in effect, entitled him to a bonus in the amount of $6,717.15, which was to be payable to him "during the third week of August."

4. On August 31, 1971, he was notified by Morty Ravkind, a vice president and the national sales manager of Coro, that he was being terminated. Ravkind did not then or later suggest to Nadler that the reason for his termination was that he had not performed well his duties as a salesman. The only reason given was that he had refused to enter into a new, long-term restrictive contract proposed by Ravkind.

5. Throughout the period of his employment by Coro, Nadler devoted his best efforts to his duties at Coro. From August 31, 1971, until the effective date of termination of his employment with Coro on October 6, 1971, he continued to devote his best efforts to such duties, as evidenced by his month-long orientation of his replacement, his booking of a "significant

---

party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in his favor as to all or any part thereof."

amount" of Coro business on which he would, as he knew, receive no commission, and, during the last week of September, his introduction to Stanley Leifer, then Coro's executive vice president and now its president, of someone who had developed cast-plastic items which Leifer approved, with the result that some of those items were added to Coro's spring 1972 Vendome line.

6. Coro has paid Nadler for all regular commissions earned by him up to October 6, 1971, but has not paid him any part of the $6,717.15 bonus. It was not until Leifer's deposition was taken on behalf of defendants on May 17, 1972, that Coro indicated any reason for not paying him the bonus, namely, that he had allegedly not worked faithfully or devoted his best efforts to Coro's interests in 1971 except during the three months when the Big Dollar Contest was in effect. In fact, his sales for the year up to October 6, 1971, were substantially as high as his sales for the similar period in 1970. Very few other Coro salesmen had sales for the period January 1 to October 6, 1971, as high as their sales for the corresponding period of 1970.

7. Until after his termination at Coro became effective, he did absolutely no work of any kind for R. N. Koch, Inc.

The plaintiff filed no affidavit in opposition to Nadler's affidavit.

Nadler's motion for summary judgment was heard by a justice of the Superior Court who, after the hearing, rendered a decision in his favor. After referring to certain language in our decision in *Calore Rigging Corp.* v. *Sterling Engineering & Constr. Co., Inc.*, 105 R. I. 150, 250 A.2d 365 (1969),[2] she found that there was more than one claim

---

[2] The trial justice referred to the following language in *Calore Rigging Corp.* v. *Sterling Engineering & Constr. Co., Inc.*, 105 R. I. 150, 250 A.2d 365 (1969):

"The precondition to an application of the rule is the presence of more than a single claim in the action, and where there is but a single claim the rule may not be invoked. (citations omitted) If the precondition is

asserted in the case at bar; that Nadler had earned the money he was claiming and was entitled to it; and that there was no reason for delay. She ordered that judgment be entered on Nadler's counterlaim for $6,717.15.

On the following day a judgment was entered awarding Nadler the amount claimed by him plus interest and stating that there was no just reason for delay within the meaning of Rule 54 and that entry of judgment was expressly directed.

The case is before us on plaintiff's appeal from that judgment. This appeal presents two questions. One involves the question of whether the trial justice was correct in concluding that there was no genuine issue for trial with respect to Nadler's separate counterclaim and in granting the latter's motion for summary judgment under the provisions of Rule 56. The other involves the question of whether the trial justice was correct in applying Rule 54(b) which authorizes the entry of partial summary judgment in a proper case. For convenience we shall treat these questions separately.

## I

Initially, we address ourselves to the question of whether the trial justice erred in granting Nadler's Rule 56 motion for summary judgment.[3] As we pointed out in *Kirby, Inc.* v. *Weiler,* 108 R. I. 423, 425, 276 A.2d 285, 286-87 (1971)

---

satisfied, the rule may be applied, but only if the trial court first makes "* * * an express determination that there is no just reason for delay and * * * an express direction for the entry of judgment.' " *Id.* at 153, 250 A.2d at 368.

[3]The relevant portions of Rule 56 are 56(c) and 56(e). Rule 56(c) provides, in part, that

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law."

and *Slefkin* v. *Tarkomian,* 103 R. I. 495, 496, 238 A.2d 742, 742-43 (1968), the question for the trial justice was issue finding, not issue determination, and in the resolution of that question, Rule 56(c) requires that the pleadings, as stated, be examined in order to ascertain the issues and that thereafter the affidavits, admissions, answers to interrogatories and other similar matters be considered to determine whether those issues were genuine and material.

The plaintiff has not responded by affidavit or as otherwise provided in Rule 56(e) by setting forth, or referring to, any specific fact or facts showing that there was a genuine issue for trial. Although plaintiff states in its brief that the discovery record raises substantial questions of fact as to plaintiff's right of recovery, nowhere do we find any reference, either here or in the court below, to any specific fact or facts controverting any fact set forth in Nadler's affidavit. The plaintiff's statements are mere conclusions and, therefore, do not satisfy the standards set forth in Rule 56(e). In the circumstances, on the basis of the allegations in Nadler's separate counterclaim and the facts recited in his supporting affidavit, the trial justice was warranted in finding that there was no genuine issue for trial with respect to Nadler's separate counterclaim and that he was entitled to judgment as matter of

Rule 56(e) provides, in pertinent part, that
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

law. Accordingly, we hold that the trial justice did not err in granting Nadler's motion for summary judgment under the provisions of Rule 56(c).

## II

We come now to the question of whether the trial justice erred in directing the entry of a final judgment for Nadler under the provisions of Rule 54(b), even though plaintiff's claim against all defendants, including Nadler, in an amount greater than his separate claim against plaintiff, would remain pending for trial. Insofar as pertinent here Rule 54(b) reads as follows:

> "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The plaintiff does not dispute the authority of the Superior Court, in the exercise of its sound discretion, to grant a partial summary judgment in a proper case under the provisions of Rules 54(b) and 56. However, plaintiff argues, in the circumstances of this case, the trial justice abused her discretion by granting partial summary judgment to Nadler. The plaintiff sets forth the following grounds to support its contention that the trial justice abused her discretion by granting Nadler's motion: (1) the possibility of partially duplicative appeals, (2) the consequences which would result by the pendency of this appeal here at the same time that the case is assigned for trial in the Superior Court, and (3) the fact that in its second amended complaint plaintiff raises three theories which, if proven as to defendant Nadler, would result in

a cash award to plaintiff far in excess of the amount Nadler claims to be due to him and that in that event, any amount to which Nadler is entitled under a counterclaim would be set off against amounts due to plaintiff from him.

The foregoing grounds are not, in our judgment, sufficient to warrant a finding by us that the trial justice abused her discretion in granting summary judgment and directing the entry of a partial summary judgment. Indeed, were we to adopt plaintiff's reasoning as outlined above, it would probably never be possible for the Superior Court to grant a partial summary judgment in a case involving multiple claims and there would be no need for Rule 54(b) in such cases.

In the case at bar the claim set forth in Nadler's counterclaim is sufficiently distinct from plaintiff's claim against Nadler as to warrant affirmative action under Rule 54(b). As Professor Kent points out in his commentary to Rule 54(b) in 1 Kent, *R. I. Civ. Prac.* §54.3 at 400.01 (1969 ed.):

> "The policy against piecemeal appellate review militates in favor of delaying judgment until all claims involving all parties are ripe for disposition and entering judgment as to all only when that time arrives. However, some claims may involve sufficiently distinct matters so that withholding judgment will serve no useful purpose and may countenance delay which is productive of hardship and even denial of justice. Rule 54(b) is based upon the assumption that in the ordinary case judgment will be entered as to all claims and all parties at the same time. However, the rule provides that in cases where more than one claim for relief is presented, whether as a claim, counterclaim, cross-claim, or third-party claim, or where multiple parties are involved, final judgment may be entered as to one or more but fewer than all claims or parties only upon an *express* determination by the court that there is no just reason for delay and upon an *express* direction for the entry of judgment. If such determination and direction are certified by the court, the

> judgment entered as to one of several claims is a final judgment and is immediately subject to appeal; the time for claiming such appeal commences to run upon the entry of the judgment. If a certificate is not made as to the express determination *and* direction, a judgment entered as to less than all the claims in a case is not final, and an appeal therefrom should be dismissed."

And in commenting on the question of partial summary judgment Professor Kent further points out in §56.9 at 423:

> "If a complaint contains several distinct claims, or if a counterclaim, cross-claim, or third-party claim is filed, and a motion for summary judgment is granted with respect to one or more, but fewer than all claims in the case, then judgment may be entered if the court makes the express determination required by Rule 54(b) that there is no occasion for a delay in entering judgment as to such claim or claims and makes the express order for judgment likewise required by Rule 54(b). In that event a true 'partial summary judgment' has been entered and is appealable at once."

Thus it is clear that once the trial justice made an express determination that there was no just reason for delay, she had the authority under Rule 54(b) to direct the entry of a final judgment on Nadler's separate counterclaim, even though plaintiff's claim against all of defendants, including Nadler, in an amount greater than his separate claim against plaintiff, would remain pending for trial. In her decision the trial justice, as we have stated above, found that there was more than one claim asserted, *see Calore Rigging Corp.* v. *Sterling Engineering & Constr. Co., Inc., supra;* that Nadler had earned the money and was entitled to it; and that there was no just reason for delay. She then expressly directed that final judgment be entered on Nadler's separate counterclaim. The plaintiff has failed to persuade us that the trial justice erred in expressly finding that there was no just reason for delay

and in expressly directing the entry of judgment for Nadler on his separate counterclaim.

In his brief the defendant states that the plaintiff's brief makes it perfectly plain that the plaintiff's appeal is frivolous and, therefore, requests that we impose double or treble costs on the plaintiff in accordance with the provisions of G. L. 1956 (1969 Reenactment) §9-22-16. We find no merit to this claim and accordingly deny the defendant's request.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further procedings.

Mr. Chief Justice Roberts did not participate.

*Roberts & Willey Incorporated, Dennis J. Roberts, II*, for plaintiff-appellant.

*Edwards & Angell, James K. Edwards*, for Martin Nadler, defendant-appellee.