**ARTISTS INTERNATIONAL, INC.**

v.

**Marguerite RUFFINO.**

No. 79–407–Appeal.

Supreme Court of Rhode Island.

Oct. 22, 1981.

Smith & Smith, Incorporated, Z. Hershel Smith, Providence, for plaintiff.

Vincent J. Piccirilli, Providence, for defendant.

ORDER

This case came before this court upon an order directing the plaintiff to appear and show cause why the present appeal should not be dismissed as premature.

The plaintiff, Artists International, Inc., filed a complaint against defendant, its former artistic director, seeking to enjoin defendant from using mailing lists and other documents belonging to plaintiff and also to restrain defendant from producing or presenting any artistic productions in the Rhode Island area. After the trial justice issued a temporary restraining order against defendant, plaintiff served defendant with a copy of the complaint and order. Thereafter, the court entered a preliminary injunction against defendant.

Thirty-seven days after being served with the complaint, defendant filed her answer containing a counterclaim. The plaintiff did not object to the late filing. When plaintiff failed to respond to defendant's counterclaim, defendant moved for a default judgment. Subsequently, plaintiff moved to file its reply to defendant's counterclaim out of time. The trial justice denied plaintiff's motion and granted defendant's motion for default. The defendant then moved to assign for oral proof of her counterclaim. This motion was granted but a hearing thereon was never held. The plaintiff appeals from the default judgment.

After hearing oral arguments and examining the record and briefs of the parties, we conclude that this appeal should be dismissed as premature because: 1) no resolution of plaintiff's original claim has been made and 2) no Super.R.Civ.P. 54(b) certification has been filed. *See Calore Rigging Corp. v. Sterling Eng'r. & Const. Co.*, 105 R.I. 150, 250 A.2d 365 (1969).

Additionally, the record indicates that the amount of damages still remains to be determined, and this court has held that where the question of damages has not

been adjudicated the judgment is not "final" for purposes of appeal. *Medeiros v. Hilton Homes, Inc.*, R.I., 408 A.2d 598 (1979). The judgment in the instant case is therefore interlocutory and not properly before this court.

In view of the absence of a Rule 54(b) certificate and the fact that the judgment appealed from lacks finality, the appeal is improperly before the court and is remanded for further proceedings.