**ASTRO–MED, INC.**

v.

**R. MOROZ, LTD.**

No. 2001–165–APPEAL.

Supreme Court of Rhode Island.

Dec. 17, 2002.

Craig M. Scott, Providence, for Plaintiff.

James W. Ryan, Providence, for Defendant.

Before WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, R. Moroz, Ltd. (Moroz), appeals from a Superior Court hearing justice's entry of final judgment in favor of the plaintiff, Astro–Med, Inc.'s (Astro–Med), pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. Because we conclude that the hearing justice did not abuse her discretion in entering final judgment, we affirm. This case came before the Supreme Court for oral argument on November 4, 2002, following an order directing the parties to appear to show cause why the issues raised by this appeal should not be summarily decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

In 1998, Moroz entered into an oral agreement with Columbia Machinery Company (Columbia), a manufacturer of label applicator products. Pursuant to the agreement, Moroz purchased label applicators from Columbia, which were then distributed to its clients, which included Molson, Inc. (Molson). In fall 1999, Astro–Med acquired Columbia, thereby assuming all Columbia's rights and obligations under its agreement with Moroz. In 1999, Astro–Med made four separate shipments of label applicator products and upgrades to Molson at Moroz's request and submitted appropriate invoices to Moroz. Moroz did not pay Astro–Med for some, if not all, of the products and upgrades.[1]

In 1999, Astro–Med filed suit against Moroz for breach of contract, book account and unjust enrichment based on Moroz's failure to pay for the items. In response, Moroz filed an answer and two-count counterclaim against Astro–Med alleging: (1) breach of Astro–Med's implied covenant of good faith and fair dealing in the Moroz–Columbia contract assumed by Astro–Med; and (2) tortious interference with the Moroz–Molson contract. Thereafter, Astro–Med moved for and was granted summary judgment on its claims pursuant to Rule 56 of the Superior Court Rules of Civil Proce-

---

1. Based on the limited state of the record, we are unable to discern which invoices remain unpaid.

dure. Astro–Med moved for entry of final judgment pursuant to Rule 54(b). Although Moroz's counterclaims remained intact, the hearing justice expressly found that there was no just reason for delay and entered final judgment on Astro–Med's claims.

## II

### Rule 54(b)

■ On appeal, Moroz does not challenge the hearing justice's grant of Astro–Med's motion for summary judgment. Rather, the sole issue on appeal is whether the hearing justice properly entered final judgment under Rule 54(b). We review a trial justice's order under Rule 54(b) in two steps. *See Westinghouse Broadcasting Co. v. Dial Media, Inc.*, 122 R.I. 571, 577, 410 A.2d 986, 989 (1980). First, we consider "whether the action below involved * * * multiple claims for relief * * * and whether the trial court's interlocutory disposition adjudicated one or more but fewer than all the claims * * * before it." *Id.* Second, we consider whether the trial justice abused her discretion in determining that there was no just reason for delay. *See id.* (citing *Calore Rigging Corp. v. Sterling Engineering & Construction Co.*, 105 R.I. 150, 154, 250 A.2d 365, 368 (1969) (superceded by statute on other grounds)).

■ Rule 54(b) reads in relevant part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The language of Rule 54(b) is the same as Rule 54(b) of the Federal Rules of Civil Procedure. Thus, this Court may properly look to a federal court interpretation of the analogous federal rule for guidance in applying our own state's rule. *See Butera v. Boucher*, 798 A.2d 340, 345 (R.I.2002) (citing *Heal v. Heal*, 762 A.2d 463, 466–67 (R.I.2000)).

"The purpose of [Rule 54(b)] is to avoid piecemeal appeals." 1 Kent, *R.I. Civ. Prac.* 396, 397 (1969).

"The policy against piecemeal appellate review militates in favor of delaying judgment until all claims involving all parties are ripe for disposition and entering judgment as to all only when that time arrives. However, some claims may involve sufficiently distinct matters so that withholding judgment will serve no useful purpose and may countenance delay which is productive of hardship and even denial of justice." *Id.* § 54.3 at 400.

Further, by limiting entry of final judgment under Rule 54(b) to those instances in which a hearing justice finds "no just reason for delay," this Court is spared "from having to keep relearning the facts of a case on successive appeals." *Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698, 702 (7th Cir.1984).

■ Moroz limits its appeal to the assertion that the hearing justice abused her discretion in finding that there was no just reason for delay. In exercising her discretion under Rule 54(b), a hearing justice "must take into account judicial administrative interests as well as the equities involved." *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1, 11 (1980). When considering judicial administrative interests, a hearing justice should take into account the existence of a transactional relationship between a remaining unadju-

dicated claim and a claim that has been disposed of; for entry of final judgment on fewer than all of the claims "raises the spectre of overlapping appeals and the attendant possibility of an uneconomical use of judicial resources." *Westinghouse*, 122 R.I. at 578, 410 A.2d at 990.

In *Coro, Inc. v. R.N. Koch, Inc.*, 112 R.I. 371, 310 A.2d 622 (1973), this Court considered the propriety of a trial justice's entry of final judgment in a similar factual scenario. In that case, Coro, Inc. (Coro) brought suit against one of its competitors and several of Coro's former employees, including Martin Nadler (Nadler), seeking damages in the amount of $1,000,000. *See id.* at 372, 310 A.2d at 623. Coro's complaint made numerous allegations with respect to Nadler including malicious interference "with [Coro's] customer, supplier and business relationships." *Id.* Nadler filed a counterclaim against Coro for $6,717.15 alleging that Coro owed him money pursuant to the terms of an employment related contest. *See id.* at 373, 310 A.2d at 623. The trial justice granted Nadler's motion for summary judgment with respect to his counterclaim and thereafter, ordered the entry of final judgment on that claim. *See id.* at 375–76, 310 A.2d at 624–25.

On appeal, Coro argued that the trial justice abused her discretion in ordering the entry of final judgment because, *inter alia:* (1) there was a possibility of partially duplicative appeals; and (2) the fact that Coro's complaint seeking $1,000,000 remained intact meant that it may be entitled to a setoff if liability were established against Nadler. *See id.* at 378–79, 310 A.2d at 626. This Court found those arguments unpersuasive. *See id.* at 379, 310 A.2d at 626. "Nadler had earned the money and was entitled to it * * *." *Id.* at 380, 310 A.2d at 627. Coro failed to persuade us that the trial justice abused her

discretion in finding that there was no just reason to delay entry of final judgment on Nadler's separate counterclaim. *See id.*

■ Entry of final judgment in the instant case would not promote a waste of judicial resources. Any transactional relationship that may exist between Astro–Med's and Moroz's claims is tenuous at best. Moroz has not specified whether the "contract" calling for the delivery of goods that remains unpaid is the same contract under which Astro–Med allegedly breached its duty of good faith. Further, Moroz's counterclaim for tortious interference with the contract is factually and legally distinct from Moroz's uncontested duty to pay Astro–Med for the goods it delivered to Moroz.

Even if a transactional relationship between Astro–Med's and Moroz's claims were established, any effort spent learning the facts in this case would not be duplicated if we later reviewed Moroz's counterclaims. On appeal, the only assignment of error is the hearing justice's entry of final judgment. Thus, it is neither required nor appropriate for us to review the facts surrounding the contractual relationship between the parties. Rather, what we are presented with is an uncontested, unsatisfied debt that Moroz owes to Astro–Med. Moroz does not contest its duty to pay Astro–Med for goods it accepted and enjoyed. Indeed, in Moroz's opening remarks during the hearing on Astro–Med's motion for entry of final judgment its attorney stated: "I do not dispute the underlying fact that the invoices were not paid." The fact that Moroz owes money to Astro–Med would have no bearing on the merits of Moroz's remaining counterclaims.

The equities in this case do not tip the scales far enough, if at all, in favor of Moroz such that the hearing justice's finding constituted an abuse of discretion. Moroz freely admits that it owes Astro–

Med on unpaid invoices. Moroz, however, argues that it may be entitled to a setoff if it succeeds on its counterclaim. The possibility of a setoff is not sufficient, in itself, to absolutely prohibit a hearing justice from entering final judgment under Rule 54(b). Further, there is no reason to believe that Moroz would be unable to collect from Astro–Med if Moroz is successful on its counterclaims. Consequently, Moroz has failed to persuade us that the hearing justice abused her discretion in finding that there was no just reason for delay and entering final judgment.

■■ In determining that the hearing justice did not abuse her discretion by entering final judgment under Rule 54(b) in this case, we reiterate that, as a general rule, final judgment should be entered only when all claims and counterclaims have been adjudicated. "Rule 54(b) is based upon the assumption that in the ordinary case judgment will be entered as to all claims and all parties at the same time." 1 Kent, § 54.3 at 400. A hearing justice should enter final judgment under Rule 54(b) only in "unusual and compelling circumstances." *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 45 (1st Cir.1988) (quoting *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 966 (9th Cir.1981)).

### Conclusion

For the reasons set out above, Moroz's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case may be returned to the Superior Court.