[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is the Motion for Entry of Judgment of Atlantic Richfield Company, American Cyanamid Company, Cytec Industries, Inc., NL Industries, Inc., and the Sherwin-Williams Company (Defendants).
 FACTS/TRAVEL
On October 12, 1999, the Attorney General initiated this lawsuit on behalf of the State of Rhode Island (Plaintiff) by filing a complaint against several lead paint manufacturers and a trade association. Plaintiff asserted ten causes of action: public nuisance (Count I), violation of the Rhode Island Unfair Trade Practice and Consumer Protection Act, G.L. 1956 § 6-13.1-1et seq. (Count II), strict liability (Count III), negligence (Count IV), negligent misrepresentations and omissions (Count V), fraudulent misrepresentations and omissions (Count VI), civil conspiracy (Count VII), unjust enrichment (Count VIII), indemnity (Count IX), and equitable relief to protect children (Count X).
Atlantic Richfield Company, American Cyanamid Company, Cytec Industries, Inc., NL Industries, Inc., the Sherwin-Williams Company, E.I. Dupont De Nemours and Company, the O'Brien Corporation, Conagra Grocery Products Company, the Glidden Company, SCM Chemicals, and the Lead Industries Association moved to dismiss Plaintiff's Amended Complaint pursuant to Superior Court Rule of Civil Procedure 12(b)(6). On April 2, 2001, this Court rendered a decision, granting and denying in part the aforementioned motion as to Counts III, IV, V, and VI. Order
dated May 15, 2001 at 3.[1] Upon Plaintiff's application, the Court entered an order on February 27, 2004 dismissing the same counts with prejudice. Order dated February 27, 2004 at 1.[2] Defendants now petition this Court to enter judgment as to Counts III, IV, V, and VI under Super. R. Civ. P. 54(b), arguing that "[t]he Court should direct entry of judgment on the dismissed claims to assure that there will never be a wasteful and duplicative second trial potentially requiring presentation of essentially all the evidence that will be presented in the trial now set for April 2005." Mem. in Supp. of Defs.' Mot. at 1.
 STANDARD OF REVIEW
Superior Court Rule of Civil Procedure 54(b) provides:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express determination for an entry of judgment." Superior Court Rule of Civil Procedure 54(b) is identical to Rule 54(b) of the Federal Rules of Civil Procedure. Astro-Med, Inc. v. R. Moroz, 811 A.2d 1154, 1156 (R.I. 2002). Therefore, when applying the state rule, "this Court may properly look to a federal court interpretation of the analogous federal rule for guidance." Id.
Rule 54(b) constitutes an exception to the general rule that a final judgment is appropriate "only after the rights and liabilities of all the parties to the action have been adjudicated." Hogan v. Conrail, 961 F.2d 1021, 1025-26 (2d Cir. 1992). Rule 54(b)'s essential objective "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim . . . until the final adjudication of the entire case by making an immediate appeal available." 10 Wright, Miller Kane, Federal Practice and Procedure: Civil 3d § 2654 at 33 (1998). The rule endeavors to balance 2 competing factors: (1) "the undesirability of more than one appeal in a single action" and (2) "the need for making review available in . . . multiple-claim situations at a time that best serves the needs of litigants." Id. at 35.
"The determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court." Hogan,961 F.2d at 1025. Spiegel v. Trustees of Tufts College,843 F.2d 38, 42-43 (1st Cir. 1988), suggests a two-step analysis for the application of Rule 54(b). First, the trial justice should consider "the finality of the disputed ruling." Id. at 42. "If the ruling lacks the necessary finality, the application must fail." Id. at 43. Furthermore, "it must be shown that the ruling, at a bare minimum, disposes fully `of at least a single substantive claim.'" Id. Second, the judge must ascertain whether there is no just reason for delay. Id.
Additionally, in deciding whether to grant Rule 54(b) certification, the trial justice should take into account "judicial administrative interests as well as the equities involved." Astro-Med, Inc., 811 A.2d at 1156. When examining judicial administrative interests, the trial justice should consider "the existence of a transactional relationship between a remaining unadjudicated claim and a claim that has been disposed of." Id. at 1156-57. "[I]f the claims in an action are closely related and there is a risk of repetitive appeals, the district court may decide that there is a reason for delaying review and refuse to make the determination required by Rule 54(b)." Wright, Miller Kane, supra, at 36.
Courts apply Rule 54(b) with caution. A judge should enter final judgment under Rule 54(b) only in "unusual and compelling circumstances." Astro-Med, Inc., 811 A.2d at 1158. Therefore, entry of judgment pursuant to Rule 54(b) "should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel, 843 F.2d at 42. This cautionary approach reflects a well-settled policy against piecemeal appeals. See id. (noting that "[c]learly the purpose of the rule is not to encourage broadly piecemeal appeals just because an appellant may be in a hurry"); Hogan, 961 F.2d at 1025
(directing that "[t]he district court's discretion . . . is to be exercised sparingly in light of the `historic federal policy against piecemeal appeals'"); Astro-Med, Inc., 811 A.2d at 1156
(stating that "[t]he policy against piecemeal appellate review militates in favor of delaying judgment until all claims involving all parties are ripe for disposition and entering judgment as to all only when that time arrives").
Rule 54(b) certification is rarely appropriate where "the contestants on appeal remain, simultaneously, contestants below."Spiegel, 843 F.2d at 44. Moreover, the desire to determine the propriety of a court's decision on summary judgment in order to avoid a complete new trial constitutes insufficient grounds upon which to enter Rule 54(b) certification. See Hogan,961 F.2d at 1025-26. Rather, "[t]o deem sufficient under Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial . . . could only contravene the federal policy against piecemeal appeals." Id. at 1026.
 DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT
This Court finds lacking the unusual and compelling circumstances required for a Rule 54(b) certification. Defendants' desire to avoid a complete new trial fails to warrant Rule 54(b) certification. Furthermore, this Court is mindful that the parties on appeal will remain, at the same time, parties below, and that Rule 54(b) is rarely appropriate under such circumstances. Finally, regardless of this case's outcome, an appeal is highly likely. This Court, therefore, finds that an entry of final judgment at this juncture would result in piecemeal appellate litigation. Accordingly, this Court declines to find that no just reason for delay exists.
 CONCLUSION
This Court denies Defendants' motion for entry of judgment as to Counts III, IV, V, and VI. Plaintiff's counsel shall submit an appropriate order for entry.
[1] The Order provides as follows:
 "(a) Defendants' Motion to Dismiss based on the statute of repose (§ 9-1-29) is DENIED; (b) Defendants' Motion to Dismiss the tort claims based on the statute of limitations is DENIED to the extent that the Plaintiff seeks to protect a public right or to the extent that the Plaintiff alleges harm resulting from lead in public buildings; (c) Defendants' Motion to Dismiss Counts III, IV, V and VI based on remoteness is GRANTED to the extent that Plaintiff seeks damages entirely derived from alleged injuries to others."
[2] The dismissals, however, were without prejudice to Plaintiff's ability to appeal any portion of the Court's April 2, 2001 Decision and May 15, 2001 Order. Order dated February 27, 2004 at 1.