March 26, 2024

**Supreme Court**

No. 2023-141-Appeal.
No. 2023-162-Appeal.
(PC 10-2433)

Dania Mateo                           :

v.                           :

Davidson Media Group Rhode            :
  Island Stations, LLC, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2023-141-Appeal.
No. 2023-162-Appeal.
(PC 10-2433)

Dania Mateo            :

v.                   :

Davidson Media Group Rhode     :
   Island Stations, LLC, et al.

Present: Suttell, C.J., Goldberg, and Robinson, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** The plaintiff, Dania Mateo, appeals from a September 6, 2022 order entered in Providence County Superior Court, granting partial summary judgment in favor of the defendants, Maggie Giraud, Felix Perez, Cesar Salas, Quilvio Perdomo, and Jane or John Doe with respect to a complaint consisting of twenty-two counts. The plaintiff contends that the grant of partial summary judgment should be vacated, arguing that the hearing justice erred (among other reasons) because: (1) there remained genuine issues of material fact in dispute; (2) his ruling that the plaintiff had not proffered competent evidence to support her civil conspiracy claim was erroneous; and (3) the Doe defendants were improperly dismissed.

- 1 -

Very significantly, defendants cross-appeal from the entry of partial final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure (entered on January 24, 2023), asserting that the hearing justice erred in granting plaintiff's motion for the entry of partial final judgment because he failed to make an express determination that there was no just reason for delay.

The instant appeal and cross-appeal came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised therein should not be summarily decided. After considering the parties' written and oral submissions and after carefully reviewing the record, we conclude that cause has not been shown and that these appeals may be decided without further briefing or argument.

For the reasons set forth hereinafter, it is our opinion that defendants' cross-appeal is meritorious and that the January 24, 2023 partial final judgment must be vacated and the case remanded to the Superior Court for further proceedings. For that reason, we do not reach the issues raised in plaintiff's appeal.

# I

# Facts and Travel

In setting forth the sequence of events which form the basis of this action, we rely on the August 31, 2022 and January 17, 2023 bench decisions of the hearing justice and other documents contained in the record.

On April 23, 2010,[1] plaintiff filed a twenty-two-count complaint against Davidson Media Group Rhode Island Stations, LLC (Davidson) and several of its employees, alleging violations of the Rhode Island Fair Employment Practices Act (RIFEPA) and the Rhode Island Civil Rights Act (RICRA). That rather prolix complaint also contained several allegations of sexual harassment, liability under the doctrine of respondeat superior, civil conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery, negligence, false imprisonment, defamation, and conspiracy to commit defamation.

The factual crux of this case is that, on or about January 20, 2008, plaintiff was hired as an "on air radio personality" for the morning show broadcast by Davidson (Latina 100.3). On that morning show, plaintiff played a fictitious

---

[1] We have been unable to find anything in the record that constitutes an adequate justification for the extremely long pendency of this particular civil action, which has been pending in the Superior Court for almost fourteen years. *See Greensleeves, Inc. v. Smiley*, 942 A.2d 284, 294 n.19 (R.I. 2007) ("It appears to us that this case has taken on a life of its own; we can perceive no sufficient reason why this particular litigation did not come to an end long ago. * * * We find the long pendency of this case to be truly regrettable * * *.").

"scripted character" named "Anaconda." She further alleged that the morning show included other fictitious characters—including but not limited to "El Baron" (played by Darvin Garcia, who was plaintiff's "direct morning show supervisor" as well as "a person who [plaintiff] had been previously romantically involved with").

The plaintiff alleged that Cesar Salas, who was at that time the "Director of Sales" at Davidson, sexually harassed her; she further purported to have reported that alleged harassment to Mr. Garcia and to Joseph Rizza, who was the "North East Regional Manager." According to plaintiff's complaint, "Davidson compelled all employees to have a sexual harassment seminar." However, she further alleged that, in spite of this training, the sexual harassment of her continued. The plaintiff also alleged that, at some later point, both Mr. Garcia and she were fired and that, "[s]oon thereafter, Salas and Perdomo, and possibly others (John or Jane Doe), conspired to lie and stated on the live morning show broadcast on multiple occasions, that [plaintiff] and Garcia had been fired from Davidson because they had been caught having sex in the office." According to plaintiff, as a result of what she alleged were "false statements," she "underwent mental health counseling, attempted to commit suicide, and suffered great economic hardship and emotional distress."

On October 6, 2010, defendants moved pursuant to Rule 12(b)(6) to dismiss nineteen of the twenty-two counts of plaintiff's complaint for failure to state a

claim upon which relief can be granted.[2]  A hearing on defendants' motion to dismiss was held on December 14, 2010, and a written decision was issued on April 30, 2013.[3]  The decision mandated the dismissal of the majority of the counts set forth in plaintiff's complaint.[4]  However, the hearing justice denied defendants' motion to dismiss as to Counts Nineteen, Twenty, Twenty-One, and Twenty-Two. Five years later, on January 9, 2018, an order dismissing the RIFEPA claim against Mr. Salas (Count One) was entered.  Consequently, as of that time, the only six counts remaining were the following: RICRA violations against Mr. Rizza (Count Four); RICRA violations against Ms. Giraud (Count Five); defamation against Mr. Salas (Count Nineteen); defamation against Mr. Perdomo (Count Twenty); defamation against "John/Jane Doe" (Count Twenty-One); and conspiracy to defame against Mr. Perez, Mr. Salas, Mr. Perdomo, and John Doe (Count Twenty-Two).

On March 3, 2022, defendants moved for summary judgment on Counts Five and Twenty-Two as well as for the "dismissal of Counts [Twenty-One] and

---

[2]    The three counts for which defendants did not seek dismissal in their 2010 motion to dismiss alleged the following: RIFEPA violations against Mr. Salas (Count One); RICRA violations against Mr. Rizza (Count Four); and RICRA violations against Maggie Giraud (Count Five).

[3]    The hearing justice who rendered the decision on the motion to dismiss in 2010 was not the justice who granted plaintiff's motion for partial final judgment in 2023.

[4]    The complaint against Felix Lopez was dismissed in its entirety.

- 5 -

[Twenty-Two] against John/Jane Doe." On July 15, 2022, plaintiff filed an objection to defendants' motion for summary judgment; a hearing on that motion took place on August 31, 2022, after which the hearing justice rendered a bench decision granting defendants' motion; and an order to that effect entered on September 6, 2022, from which order plaintiff appealed.

On December 2, 2022, defendants filed a motion to dismiss plaintiff's appeal on the ground that plaintiff had "not obtained an entry of partial judgment * * *." The plaintiff filed an objection to that motion on December 7, 2022. Then, on January 6, 2023, plaintiff filed a "Motion for Entry of Final Judgment *Nunc Pro Tunc*," to which motion defendants objected. A hearing on that motion took place on January 17, 2023.

At the hearing on plaintiff's "Motion for Entry of Final Judgment *Nunc Pro Tunc*," counsel for plaintiff indicated that plaintiff was asking "for the Final Judgment to enter [*nunc pro tunc*] for the purposes of perfecting [plaintiff's] ability to conduct [plaintiff's] appeal to the Supreme Court." Counsel for defendants, citing Rule 54(b), contended that plaintiff had failed to show that the granting of such partial final judgment would be in the interest of justice and that there was "no reason to delay." Counsel for plaintiff noted that, "in order for a * * * litigant to appeal to the Supreme Court, there has to be an entry of Final Judgment." The hearing justice agreed, stating that he was going to grant the motion so that

plaintiff could perfect her appeal. A judgment was entered on January 24, 2023, providing as follows:

> "Pursuant to the Partial Summary Judgment Granted in favor of the Defendants September 6, 2022, Final Judgment is hereby entered in favor of Defendants, against the Plaintiff dismissing Count [Five], against Defendant Maggie Giraud, dismissing Count [Twenty-Two], against Defendants Perez, Salas and Perdomo and dismissing Counts [Twenty-One] and [Twenty-Two], against the John/Jane Doe. The Final Judgment is retroactive to September 6[th], 2022 to allow Plaintiff to perfect her appeal to the Rhode Island Supreme Court."

The defendants filed a timely notice of appeal on January 26, 2023. The Court consolidated plaintiff's and defendants' appeals on September 20, 2023.

## II

## Issues on Appeal

On appeal, plaintiff contends that the hearing justice erred in granting partial summary judgment (1) when he failed to take into account that there remained genuine issues of material fact in dispute; (2) when he ruled that plaintiff had not proffered competent evidence to support her civil conspiracy claim; and (3) when he improperly dismissed the Doe defendants.

In their cross-appeal, defendants contend that, in light of the criteria set forth in Rule 54(b), the hearing justice erred in granting plaintiff's motion for entry of partial final judgment.

## Analysis

We first address defendants' contentions in their cross-appeal, since it will become clear that we need go no further.

The defendants argue that "the prerequisites for partial final judgment under Rule 54(b) have not been met" and that "therefore [the] immediate appeal should be denied." The defendants point out that "[b]oth the transcript and the written order" make no mention of "any express finding that there was no just reason for delay for entry of final judgment, much less the basis for [the hearing justice's] ruling."

Rule 54(b) provides, in relevant part:

> "When more than one (1) claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one (1) or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment." (Emphasis added.)

This Court has clearly stated that "[t]he purpose of [Rule 54(b)] is to avoid piecemeal appeals." *Astro-Med, Inc. v. R. Moroz, Ltd.*, 811 A.2d 1154, 1156 (R.I. 2002) (quoting 1 Kent, *R.I. Civ. Prac.* 396, 397 (1969)).[5] This policy "militates in

---

[5] The Court in *Astro-Med, Inc.* further pragmatically observed that "by limiting entry of final judgment under Rule 54(b) to those instances in which a

favor of delaying judgment until all claims involving all parties are ripe for disposition and entering judgment as to all only when that time arrives." *Id.* (quoting 1 Kent, § 54.3 at 400); *see also Cathay Cathay, Inc. v. Vindalu, LLC*, 136 A.3d 1113, 1121 (R.I. 2016) (noting this Court's "strong preference for avoiding piecemeal appellate review") (internal quotation marks and brackets omitted). We have emphasized that "[a] hearing justice should enter final judgment under Rule 54(b) only in unusual and compelling circumstances." *Astro-Med, Inc.*, 811 A.2d at 1158 (internal quotation marks omitted).

When this Court reviews a Rule 54(b) certification of the entry of final judgment, it "employs a two-part inquiry." *Cathay Cathay, Inc.*, 136 A.3d at 1118. First, this Court "assess[es] whether the [hearing] justice properly determined that the action below involved either multiple parties or multiple claims and whether the lower court's disposition adjudicated one or more but fewer than all of the claims before it." *Id.* at 1118-19 (internal quotation marks omitted). If this Court is satisfied that the requirements of the first step have been met, it "next ask[s] whether the [hearing] justice properly determined that there was no just reason for delay." *Id.* at 1119 (internal quotation marks omitted). We review that determination under the abuse of discretion standard. *See Westinghouse*

hearing justice finds no just reason for delay, this Court is spared from having to keep relearning the facts of a case on successive appeals." *Astro-Med, Inc. v. R. Moroz, Ltd.*, 811 A.2d 1154, 1156 (R.I. 2002) (internal quotation marks omitted).

*Broadcasting Co., Inc. v. Dial Media, Inc.*, 122 R.I. 571, 577, 410 A.2d 986, 989 (1980). And we constantly bear in mind that the abuse of discretion standard "includes review to determine that the discretion was not guided by erroneous legal conclusions." *Votolato v. Merandi*, 747 A.2d 455, 460 (R.I. 2000) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

In the case at bar, neither party disputes that the first prong of the Rule 54(b) two-part inquiry has been satisfied; for that reason, we shift our focus to the second prong. Our careful review of the record reveals that it is entirely devoid of any reasoning that is required for a Rule 54(b) analysis. Specifically, the hearing justice's decision is bereft of an "express determination that there [was] no just reason for delay * * *." Super. R. Civ. P. 54(b). The hearing justice's sole reason for granting the plaintiff's motion for entry of partial final judgment "*nunc pro tunc*" was so that the plaintiff could perfect her appeal. We note that this ruling occurred after the defendants articulated their position that the plaintiff had failed to make a showing that the entry of partial final judgment would have been "in the interest of justice" and that there was "no reason to delay." Accordingly, it is our opinion that the hearing justice erred in entering partial final judgment pursuant to Rule 54(b) due to the fact that he failed to determine whether or not the criteria clearly set forth in Rule 54(b) had been satisfied. Given our holding with respect

to the hearing justice's failure to comply with the requirements of Rule 54(b), the issues raised in the plaintiff's appeal are not properly before us at this time.

## IV

## Conclusion

It is our opinion that the defendants' cross-appeal is meritorious and that the January 24, 2023 partial final judgment must be vacated. Accordingly, we vacate that judgment and remand the case to the Superior Court for further proceedings. In light of the length of time that this case has been pending, we direct that it proceed expeditiously to trial, and it is to be hoped that any further appeal will be deferred until after the entry of final judgment.

The record may be returned to the Superior Court.


Justice Lynch Prata and Justice Long did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Dania Mateo v. Davidson Media Group Rhode Island Stations, LLC, et al. |
| **Case Number** | No. 2023-141-Appeal.<br>No. 2023-162-Appeal.<br>(PC 10-2433) |
| **Date Opinion Filed** | March 26, 2024 |
| **Justices** | Suttell, C.J., Goldberg, and Robinson, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Christopher J. Petrarca, Esq.<br>For Defendants:<br><br>Vicki J. Bejma, Esq. |

SU-CMS-02A (revised November 2022)