**Supreme Court**
No. 2023-161-Appeal.
(NC 19-464)

Cynthia A. Bell          :

v.                  :

Katy A. McLaughlin et al.     :

## O R D E R

This case arises out of an arbitration hearing on claims for negligence brought by the plaintiff, Cynthia A. Bell. The plaintiff now appeals from an order denying her motion to vacate an arbitration award in the amount of $15,000 in her favor and a separate order granting the motion of the defendants, Katy A. McLaughlin[1] and Daniel R. Pierce, to confirm the award. This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we deny and dismiss the plaintiff's appeal.

On November 27, 2019, plaintiff filed a complaint in Newport County Superior Court naming Katy A. McLaughlin, Daniel R. Pierce, John Griffin, Bernadette M. Griffin, John Doe, and Jane Doe as defendants. The plaintiff alleged

---

[1] The record is inconsistent as to the spelling of Katy A. McLaughlin's last name. We utilize the spelling that appears in the complaint. No disrespect is intended.

- 1 -

that, on January 10, 2017, a vehicle operated by McLaughlin and owned by Pierce collided with a vehicle operated by Griffin, which in turn collided with plaintiff's vehicle. The plaintiff contended that, as a result of defendants' negligence, she sustained injuries, experienced and continued to experience pain and suffering, incurred medical costs, and sustained a loss of wages and/or earning capacity. She sought "any other damages recoverable under the full extent of the law."

After the named defendants filed answers to plaintiff's complaint, plaintiff, McLaughlin, and Pierce voluntarily entered into binding arbitration, pursuant to G.L. 1956 § 10-3-2.[2] The arbitrator ultimately awarded plaintiff $15,000, plus interest. The plaintiff thereafter filed a motion to vacate the arbitration award in Newport County Superior Court in the context of the litigation previously filed against all defendants. She argued that the arbitrator had "exceeded his powers by taking [j]udicial [n]otice that Dr. [John] Kripsak 'did not have an accurate understanding of the plaintiff's prior medical history.'"

---

[2] General Laws 1956 § 10-3-2 provides in relevant part:

> "When clearly written and expressed, * * * an agreement in writing between two (2) or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract * * *."

In response, defendants McLaughlin and Pierce filed an objection to the motion to vacate the arbitration award; they also filed a motion to confirm the arbitration award. In their supporting memorandum, these defendants asserted that the arbitrator "never took judicial notice" of the fact that "Dr. Kripsak did not have an accurate understanding of the [p]laintiff's prior medical history," and merely "relied on the evidence before him in rendering his award." The defendants McLaughlin and Pierce claimed that the arbitrator "simply did not find Dr. Kripsak's letter" persuasive, "for very good reasons which he clearly enumerate[d] in his decision."

A hearing on the motions was held on March 31, 2023, wherein the hearing justice ultimately denied plaintiff's motion to vacate the award and granted defendants McLaughlin and Pierces' motion to confirm the award.[3] Orders granting the motion to confirm the arbitration award and denying the motion to vacate the arbitration award were entered on April 6, 2023. The plaintiff filed a notice of appeal that same day. No partial final judgment has been entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, nor have any of the parties moved for entry of such judgment.

---

[3] McLaughlin and Pierce had also moved for sanctions pursuant to Rule 11 of the Superior Court Rules of Civil Procedure, which the hearing justice denied despite noting that plaintiff's argument for vacating the arbitration award "had no legs whatsoever" and "really was a stretch."

After the prebriefing conference was held before a single justice of this Court, an order entered, directing that, among other things:

> "1. The case is remanded for the sole purpose of the Superior Court considering a motion for entry of partial final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The record shall remain on remand for a period not to exceed sixty (60) days and it shall be returned to this Court at the conclusion of such period, or upon the Superior Court's resolution of the matter enumerated herein, whichever shall occur sooner.
>
> "2. If the Superior Court denies the motion for entry of partial final judgment, the appellant is directed to show cause in writing why this appeal should not be dismissed within twenty (20) days of the record being returned to this Court.
>
> "3. If the Superior Court grants the motion for entry of partial final judgment, upon return to this Court, the case is assigned to the show cause calendar. The parties are directed to appear before this Court on a date to be selected in order to show cause why the issues raised by this appeal should not be decided without further briefing and argument." (Emphasis omitted.)

The case was returned to this Court following the remand, but no partial final judgment was moved for, considered, or entered. A conditional order of dismissal was then entered pursuant to Article I, Rule 18A of the Supreme Court Rules of Appellate Procedure, which directed, in relevant part, that:

> "[T]he above-referenced appeal is hereby dismissed for failure to file a show cause statement as to why the appeal should not be dismissed as provided in this Court's order dated 10/18/2023.

- 4 -

> "This Order will be vacated and the appeal reinstated if the appellant's supplemental statement is filed on or before 3/1/2024."

The plaintiff filed a supplemental statement on February 28, 2024, asserting that the hearing justice had "entered an order of final judgment with regards to Ms. Bell's claim against Ms. McLaughlin and Mr. Pierce on October 26, 2023," but that it had "[i]nadvertently * * * never been scanned into the portal." An order was subsequently entered by this Court stating:

> "The [plaintiff] has filed a 'Supplemental Statement' with this Court indicating that an order entering *partial final judgment* was signed by a Superior Court justice but was inadvertently not docketed. For that reason, this matter shall be remanded to the Superior Court solely for the purpose of the Superior Court entering the consent judgment signed by a justice of that court on October 26, 2023 into the record. The Superior Court may not exceed the scope of this remand order." (Emphasis added.)

On remand, a "Consent Judgment" dated October 26, 2023, was then entered into the record, and the case was returned to this Court.

Rule 54(b) of the Superior Court Rules of Civil Procedure provides, in relevant part, that:

> "[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one (1) or more but fewer than all of the claims or parties *only upon an express determination* that there is no just reason for delay and *upon an express direction* for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, *however designated*, which adjudicates fewer than all the claims or the rights

- 5 -

and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

"This Court has clearly stated that 'the purpose of Rule 54(b) is to avoid piecemeal appeals.'" *Mateo v. Davidson Media Group Rhode Island Stations, LLC*, 310 A.3d 861, 865 (R.I. 2024) (brackets omitted) (quoting *Astro-Med, Inc. v. R. Moroz, Ltd.*, 811 A.2d 1154, 1156 (R.I. 2002)). "This policy 'militates in favor of delaying judgment until all claims involving all parties are ripe for disposition and entering judgment as to all only when that time arrives.'" *Id.* (quoting *Astro-Med, Inc.*, 811 A.2d at 1156).

In the case at bar, the arbitration and resulting award involved only two of the several named defendants, and yet no partial final judgment pursuant to Rule 54(b) was ever entered. *See Napier v. Epoch Corporation*, 971 A.2d 594, 598 (R.I. 2009) ("When fewer than all of the claims in a case have been adjudicated, the trial court *may* direct the entry of final judgment as to those claims, but only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." (brackets omitted and emphasis added) (quoting *Small Business Loan Fund Corp. v. Loft*, 734 A.2d 953, 954 (R.I. 1998))). Furthermore, plaintiff did not follow this Court's directive to remand the case "for the sole purpose of the Superior Court considering a motion for entry of partial final judgment

pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure." Indeed, the "Consent Judgment" does not comport with the standard set forth in Rule 54(b) and by this Court. *See Mateo*, 310 A.3d at 865. The plaintiff did not move for partial final judgment nor did the hearing justice consider such a motion. Simply put, the hearing justice did not provide the necessary "express determination that there is no just reason for delay" of the entry of partial final judgment or "an express direction for the entry of judgment." Super. R. Civ. P. 54(b).

Without a partial final judgment entered pursuant to Rule 54(b), the issues raised in the plaintiff's appeal are not properly before us.

Accordingly, we deny and dismiss the plaintiff's appeal. The record shall be returned to the Superior Court.

Entered as an Order of this Court this   21st   day of June, 2024.

By Order,

_____/s/ Meredith A. Benoit, Clerk_____

Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Cynthia A. Bell v. Katy A. McLaughlin et al. | |
| **Case Number** | No. 2023-161-Appeal.<br>(NC 19-464) | |
| **Date Order Filed** | June 21, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Newport County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ronald J. Resmini, Esq. | |
| | For Defendants:<br><br>Brian T. Dougan, Esq. | |